UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| LAVETTE JACOBS, TIFFANY RAINES<br>and SANDI TURNIPSEED, on behalf of<br>themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>L'OREAL USA, INC. and<br>SOFT SHEEN-CARSON, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:16-cv-6593-LTS |

## MOTION TO APPOINT INTERIM CLASS COUNSEL
## AND MEMORANDUM IN SUPPORT

Plaintiffs Lavette Jacobs, Tiffany Raines, and Sandi Turnipseed (collectively, the "*Jacobs* Plaintiffs"), through their undersigned attorneys, hereby move the Court to appoint Interim Class Counsel in this matter. The basis for this motion and the relief requested herein are as follows.

The appointment of class counsel at a relatively early stage in this putative class action is in the best interest of the parties, the putative Class, and the Court. *See* Fed. R. Civ. P. 23(g). This appointment will provide efficiencies to the parties and the Court, and will avoid uncertainty and confusion regarding who may speak for the putative Class. This is of particular importance as the parties begin to discuss topics such as discovery and potential alternative dispute resolution. In addition, appointment of Interim Class Counsel will formally empower Plaintiffs' attorneys to make decisions on behalf of the putative Class.

With these goals and considerations in mind, Plaintiffs request that the Court appoint the law firms of Morgan & Morgan Complex Litigation Group and Tycko & Zavareei LLP

(collectively, "**Proposed Interim Class Counsel**") as Interim Class Counsel.  These attorneys have extensive experience litigating complex class actions on behalf of consumers, including products liability class actions such as this one, and are committed to seeing this litigation through to resolution on behalf of the putative Class.

I. **BACKGROUND**

This is a class action brought by the *Jacobs* Plaintiffs on behalf of themselves and other similarly situated persons, against L'Oreal, USA, Inc. and Soft Sheen-Carson, LLC (collectively, "**Defendant**").  The *Jacobs* Plaintiffs seek damages and equitable remedies for themselves and the putative Class, which includes consumers who purchased Soft Sheen-Carson Optimum Salon Haircare® brand Amla Legend Rejuvenating Ritual Relaxer ("**Amla Relaxer**" or "**the Product**").  The undersigned counsel began investigating and identifying the defective Product at issue in this action in March 2016 and, after a thorough investigation over the course of six (6) months (which included the retention of an expert with knowledge relevant to this action), Jacobs' counsel filed this action on August 19, 2016.  (Doc. 1).

Plaintiffs allege that AMLA Relaxer has an inherent design and/or manufacturing defect, as it causes significant hair loss and skin and scalp irritation, including burns and blistering (collectively, "**the Injuries**").  Plaintiffs further allege that Defendant fails to disclose these severe consequences to consumers and, instead, make several assertions regarding the Product's purported safe and gentle qualities in their marketing and advertising materials, including that Amla Relaxer is a "rejuvenating ritual" that "refills as it relaxes for amazingly lively-looking hair", "protects [the] scalp & skin", has "anti-breakage" properties, provides "unified results and superior respect for hair fiber integrity," and contains a "powerful anti-oxidant rich in vitamins and minerals."

As alleged in the Complaint, while Amla Relaxer is marketed as safe and gentle and containing no lye, it contains numerous caustic ingredients that can and do cause Injuries. Plaintiffs allege that rather than address the systemic problems inherent to Amla Relaxer, Defendant has paid off and/or attempted to surreptitiously pay off individual consumers injured by the Product and covered up the problems – all while continuing to market, distribute and sell Amla Relaxer without warning consumers about the dangers of using the Product as directed.

If Defendant had disclosed to the *Jacobs* Plaintiffs and putative Class Members that Amla Relaxer could cause and has caused Injuries when used as directed by Defendants, they would not have purchased the Product. Pursuant to Rule 23, the *Jacobs* Plaintiffs seek to proceed as the representatives of a nationwide Class of consumers who have been similarly harmed by Defendant's misconduct.

On September 14, 2016, one month after the filing of the *Jacobs* action, a nearly identical action, *Manier, et. al, v. L'Oreal USA, Inc. and Soft Sheen-Carson, LLC*, Case No. 16-cv-6886 (C.D. Cal. 2016), was filed. In *Manier*, the plaintiffs have sued the same Defendant and raised identical allegations regarding the same defective Product at issue in the *Jacobs* action. The *Manier* complaint also contains several passages that are strikingly similar to the first-filed *Jacobs* complaint. *See Jacobs* Plaintiffs' draft Motion to Intervene or Dismiss or, In the Alternative, to Stay or Transfer this Action Pursuant to the First-to-File Rule and Incorporated Memorandum of Law, attached hereto as Exhibit A. Manier's counsel were well aware of the pendency of the *Jacobs* action prior to the commencement of the *Manier* action, as they communicated with Jacobs' counsel regarding the *Jacobs* action prior to filing the *Manier* complaint.

## II. <u>ARGUMENT</u>

To facilitate the efficient and orderly prosecution and management of this class action, the *Jacobs* Plaintiffs seek entry of an order appointing Interim Class Counsel and Plaintiffs' Lead Counsel.

Rule 23(g)(3) provides that the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3); *Buonasera v. Honest Co., Inc.*, No. 16 Civ. 1125(VM), 2016 WL 3647601, at * 1 (S.D.N.Y. June 22, 2016). The "designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities [.]" *Id.*, quoting Manual for Complex Litigation (Fourth) § 21.11 (2004).

In cases like this, the appointment of Interim Class Counsel clarifies the attorneys' roles and responsibilities, formally designates them to act in the best interests of the putative Class, and assures defense counsel that they are dealing with the correct representatives of the putative Class. *See generally,* Manual for Complex Litigation (Fourth) § 21.11 (2005). By appointing the proposed Interim Counsel now, this Court will forestall potential future leadership clashes and ensure that putative Class Members' interests are protected by capable counsel in this matter and will not be adversely impacted by other actions. Moreover, implementing a clear leadership structure at this stage in the litigation will allow the various firms to focus their individual efforts and efficiently represent the putative Class.

"When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g) of the Federal Rules of Civil Procedure." *Buonasera*, 2016 WL 3647601, at * 1, citing, *In re Mun. Derivatives Antitrust*

*Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008); *see also In re Air Cargo Shipping*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006). Rule 23(g) provides that the Court must consider:

>   (i)   the work counsel has done in identifying or investigating potential claims in the action;
>
>   (ii)  counsel's experience in handling class actions, other complex    litigation, and the types of claims asserted in the action;
>
>   (iii) counsel's knowledge of the applicable law; and
>
>   (iv)  the resources that counsel will commit to representing the class.

*Buonasera*, 2016 WL 3647601, at * 1, citing Rule 23(g).

The Advisory Committee Notes on Rule 23(g) provide context for its application: "Rule 23(g)…responds to the reality that the selection and activity of counsel are often critically important to successful handling of a class action . . . . This subdivision recognizes the importance of class counsel, states the obligation to represent the interest of the class, and provides a framework for selection of class counsel." Morgan & Morgan Complex Litigation Group and Tycko & Zavareei LLP meet the requirements of Rule 23(g) for appointment as Interim Class Counsel and should be so appointed.

### 1. Proposed Interim Counsel Have Committed Themselves to Investigating and Advancing the Class Claims

Morgan & Morgan Complex Litigation Group and Tycko & Zavareei LLP identified the problems at issue in this action, have communicated with dozens of prospective Class Members about their experiences, and have thoroughly investigated and researched the factual and legal issues raised in the *Jacobs* action. *See* Declaration of John Yanchunis at ¶13, attached hereto as Exhibit B.

5

Before filing the instant action, Morgan & Morgan Complex Litigation Group and Tycko & Zavareei LLP performed extensive legal research regarding the potential claims in this action over the course of six months.  During this time, these firms conducted extensive factual investigation as well regarding, *inter alia*, the alleged caustic nature of the ingredients in the Amla Relaxer, Defendant's alleged deceptive representations regarding the alleged safe and gentle qualities of the Product, Defendant's alleged conduct of surreptitiously offering to pay off individual consumers injured by the Product, and consumer complaints lodged via the Internet. Proposed Interim Class Counsel also spent considerable time vetting potential legal claims on behalf of the putative Class.   In addition, Proposed Interim Class Counsel retained an expert in this area in March 2016 – six months before filing this action – to investigate the nature of the claims at issue, and to assist Proposed Interim Class Counsel in the prosecution of the *Jacobs* action.  Further, consumer complaints regarding AMLA Relaxer were thoroughly vetted through the undersigned counsel's client intake procedures.

This multifaceted investigation became the basis for the detailed factual and legal analyses that are reflected in the *Jacobs* complaint. Through these efforts, and through their ongoing research and investigation efforts, Proposed Interim Class Counsel have developed a detailed and sophisticated understanding of the factual and legal issues involved in this action. Yanchunis Decl.

**2. Proposed Interim Counsel Bring Extensive Relevant Experience to this Matter**

Proposed Interim Class Counsel bring to these actions extensive relevant experience and knowledge.  As discussed in the accompanying Declaration of John Yanchunis, Morgan & Morgan Complex Litigation Group has served as class counsel and in other leadership positions in numerous consumer class actions and other complex matters, including in the area of

deceptive advertising.  Similarly, Tycko & Zavareei LLP have represented consumers in class actions and other complex matters, including matters involving deceptive advertising claims. Accordingly, proposed Interim Class Counsel will provide putative Class Members with excellent relevant experience and expertise and in-depth knowledge of the applicable law that are the hallmarks of class counsel under Rule 23(g).

### 3. Proposed Interim Class Counsel Have Proven Knowledge of the Applicable Law

As discussed in the accompanying Declaration of John Yanchunis, Proposed Interim Class Counsel have significant experience litigating class cases regarding deceptive advertising and other subjects relevant to this action, and have proven knowledge of the law applicable to the claims in these actions.  Yanchunis Decl., at ¶ 3-16.

### 4. As Their Work in This Matter and in Other Cases Demonstrate, Proposed Interim Class Counsel Will Commit the Resources Necessary to Prosecute This Matter

As their records of successful representation demonstrate, there is no question that Proposed Interim Class Counsel have adequate resources to prosecute this matter on behalf of the putative Class.  Proposed Interim Class Counsel have practices dedicated exclusively to litigating complex class actions, and both firms have a long history of committing the resources necessary to generate excellent results for the classes they represent.

Morgan & Morgan has offices located in a number of states throughout the United States, including New York, Florida, Georgia, Tennessee, Mississippi, and Kentucky.  Tycko & Zavareei LLP has offices in Washington, D.C. and California.  As a result, Proposed Interim Class Counsel remain ready, willing, and able to continue to commit the resources necessary to prosecute this matter on behalf of the proposed class members. Yanchunis Decl. at ¶ 3-16.

### A. Appointment of Plaintiffs' Lead Counsel

The *Jacobs* Plaintiffs also respectfully seek appointment of Morgan & Morgan Complex Litigation Group and Tycko & Zavareei LLP as Interim Lead Class Counsel. As proposed, Plaintiffs' Interim Lead Class Counsel will be generally responsible for coordinating the activities of Plaintiffs at all stages of the case, and any other related cases that may be made part of these proceedings. Consistent with the Manual for Complex Litigation (Fourth), §§ 10.221 and 40.22, Interim Lead Class Counsel will be generally responsible for the overall conduct of the litigation on behalf of the putative Class and will have the following specific responsibilities:

1. To determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of Plaintiffs and putative class members on all matters arising during pretrial proceedings;

2. To coordinate the initiation and conduct of discovery on behalf of Plaintiffs and putative class members, consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), including the preparation of joint interrogatories and requests for the production of documents and the examination of witnesses in depositions;

3. To conduct settlement negotiations on behalf of Plaintiffs and putative class members, and, where appropriate, to present any proposed settlements to the Court on behalf of putative class members;

4. To delegate specific tasks to other counsel, in a manner designed to ensure that pretrial preparation for Plaintiffs and the putative class is conducted efficiently and effectively;

5. To enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

6. To prepare and distribute status reports to any other law firms that might seek to represent the putative class;

7. To maintain adequate time and disbursement records covering services as Interim Lead Class Counsel;

8. To monitor the activities of any other law firms that might seek to represent putative class members to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

9. To perform such other duties as may be incidental to the proper prosecution and coordination of pretrial activities on behalf of Plaintiffs and the putative class or authorized by further order of this Court.

## III. CONCLUSION

For the foregoing reasons, the *Jacobs* Plaintiffs respectfully request that the Court enter an order appointing Morgan & Morgan Complex Litigation Group and Tycko & Zavareei LLP as Interim Class Counsel and Interim Lead Class Counsel.

## **CERTIFICATE OF COMPLIANCE**

Counsel for Plaintiffs has conferred with counsel for Defendant regarding the relief sought in this Motion. Counsel for the Defendant has stated that they do not oppose the appointment of Morgan & Morgan Complex Litigation Group and Tycko & Zavareei LLP as Interim Lead Counsel.

Dated:  September 16, 2016                **TYCKO & ZAVAREEI LLP**

/s/  Jonathan K. Tycko
Jonathan K. Tycko (New York Bar No. 2568483)
Andrea Gold (DC Bar No. 502607)
1828 L Street NW, Suite 1000
Washington, D.C. 20036
Telephone:  (202) 973-0900
Facsimile:  (202) 973-0950
jtycko@tzlegal.com
agold@tzlegal.com

and

**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
Jonathan B. Cohen (Fla. Bar No. 0027620)
Rachel Soffin (Fla. Bar No. 018054)
201 N. Franklin St., 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile: (813) 222-2434
jcohen@forthepeople.com
rsoffin@forthepeople.com

and

**BARBAT, MANSOUR & SUCIU PLLC**
Nick Suciu III
1644 Bracken Rd.
Bloomfield Hills, Michigan 48302
Telephone:  (313) 303-3472
nicksuciu@bmslawyers.com

*Attorneys for Plaintiffs and the putative Class*

## **CERTIFICATE OF SERVICE**

Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ Jonathan K. Tycko<br>
Jonathan K. Tycko