UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re: AMLA LITIGATION

Consolidated Case No. 1:16-cv-06593 (JSR)

**DECLARATION OF ANDREA CLISURA IN SUPPORT OF PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION, APPOINTMENT OF CLASS
<u>REPRESENTATIVES, AND APPOINTMENT OF CLASS COUNSEL</u>**

I, Andrea Clisura, declare as follows:

1. I am an associate with Levi & Korsinsky LLP, one of the court-appointed Co-Lead Interim Class Counsel in this action. I am an attorney at law licensed to practice in the State of New York, and I am a member of the bar of this Court. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2. I make this declaration in support of plaintiff's motion for class certification and appointment of plaintiffs as class representatives as requested therein.

3. I have met and worked with each of the named plaintiffs in this consolidated action and, in particular, am regularly in direct communication with Ms. Dorothy Riles, Ms. Jennifer Sanon, and Ms. Nicole Coleman. I have spoken with Ms. Kishta Finch multiple times by phone and I flew to Chicago, Illinois to meet with her in advance of her deposition. I also met with Ms. Tiffany Raines and Ms. Lavette Jacobs in Jacksonville, Florida prior to their depositions. Similarly, I met with Ms. Sandi Turnipseed and Ms. Terri Oravillo in New York prior to each of their depositions. In addition to my direct contacts with each named plaintiff, I have also communicated with Ms. Kishta Finch through counsel at Cafferty Clobes Meriwether & Sprengel LLP (Nyran Rose Rasche) and with Ms. Sandi Turnipseed, Ms. Tiffany Raines, Ms. Lavette Jacobs, and Ms. Terri Oravillo through counsel at Morgan & Morgan, PA (Rachel Soffin). I can attest to plaintiffs' efforts in this case on behalf of themselves and proposed class members.

4. On February 28, 2017, this Court held a hearing on defendants L'Oréal USA, Inc. and Soft Sheen-Carson, LLC ("Defendants")'s motions to dismiss plaintiffs' claims and to strike the class allegations, and heard oral argument on competing motions to appoint interim class

counsel. Ms. Riles, Ms. Finch, and Ms. Turnipseed each attended and testified at the February 28 hearing. Ms. Riles and Ms. Finch both traveled from out of State to attend the hearing, flying in from Chicago, Illinois and Kansas City, Missouri, respectively.

5. On March 8, 2017, this Court appointed Levi & Korsinsky LLP and Geragos & Geragos, APC Co-Lead Interim Class Counsel and ordered the firms to consult with other counsel and file a consolidated amended complaint. Each of the named plaintiffs actively participated in that process, including by responding to questions from co-lead counsel concerning their relevant experiences and background information and providing further detail regarding their purchase and use of the Amla Legend Rejuvenating Ritual, No-Mix, No-Lye Relaxer ("Amla Relaxer") and the damages they sustained in connection with their purchase and use of the product. Additionally, each of the named plaintiffs reviewed the Second Consolidated Amended Complaint and provided comments and/or approval to counsel prior to its filing.

6. As demonstrated by their deposition testimony, relevant portions of which are attached hereto as Exhibit A, each named plaintiff purchased the Amla Relaxer after reviewing the product packaging and in reliance on Defendants' false and misleading statements and material omissions.

7. Each named plaintiff worked with counsel to provide responses to discovery requests proffered by Defendants, including written interrogatories and documents requests, and gathered documents for production. In doing so, plaintiffs provided additional information concerning their experiences as well as supporting documentation including receipts, photographs, videos, and/or other evidence.

8. Additionally, each named plaintiff has sat for a deposition in this case. Some, including particularly, Ms. Raines, Jacobs, and Riles, went to great lengths to make alternative childcare arrangements. Ms. Finch, Jacobs, Coleman, and Oravillo traveled for hours from their homes in Missouri, Kentucky, Pennsylvania, and California, respectively, for their depositions.

9. In addition to the time spent at deposition, where plaintiffs sometimes faced aggressive questioning from Defendants, each plaintiff also spent several hours preparing for her deposition with counsel, including myself.

10. Plaintiffs have each spent hours collecting and sharing information in furtherance of this litigation, including at times, information of a deeply personal and private nature.

11. Throughout the litigation, the named plaintiffs have had discussions with counsel to receive updates on the progress of the case and to discuss strategy. Ms. Riles, Ms. Sanon, and Ms. Coleman have regularly spoken with me by phone and communicated with me through email to receive updates on the progress of the case and to discuss strategy. I understand from Ms. Rasche and her client, Ms. Finch, that they have been in close contact from the inception of Ms. Finch's action. Likewise, I understand that Ms. Soffin has been in close communication with her clients Ms. Jacobs, Turnipseed, Raines, and Oravillo throughout the course of this litigation. These women have each been intimately involved in this case and have made critical contributions to its progress and counsel's investigation and case strategy.

12. Each plaintiff has taken significant time away from work and personal activities to initiate and litigate this action. They are fulfilling their obligations to stay abreast of the litigation, respond to discovery, and vigorously prosecute this action. I understand that they are prepared to attend trial and litigate this case to a verdict if necessary.

4

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Executed on August 11, 2017 at Wildwood Crest, New Jersey.

_____
Andrea Clisura