UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: AMLA LITIGATION | Consolidated Case No. 1:16-cv-06593 (JSR) <br><br> Hon. Jed S. Rakoff |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN ORDER STAYING RULE 68 OFFERS UNTIL AFTER THE RESOLUTION OF THE CLASS CLAIMS**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................................1

II. FACTUAL AND PROCEDURAL HISTORY .....................................................................1

III. ARGUMENT ..........................................................................................................................3

    A. The Court Has Inherent Authority to Stay Rule 68 Offers or Take Any Other Steps to Protect Class Members .....................................................................3

    B. Rule 68 Offers of Judgment Are in Conflict with Rule 23 and Pose a Potential Conflict to Class Representatives ...............................................................4

    C. Rule 68 Offers May Threaten the Class Representatives' Adequacy to Proceed on Behalf of the Certified Class .................................................................7

    D. The Rule 68 Offers Were Not Made in Good Faith ..............................................10

IV. CONCLUSION .....................................................................................................................11

**TABLE OF AUTHORITIES**

Page

**CASES**

*Bond v. Fleet Bank (RI), N.A.*,
   No. 01-cv-177, 2003 WL 21011205 (D.R.I. Jan. 16, 2003) ...................................................... 5

*Ciraolo v. City of N.Y.*,
   No. 97-cv-8208-RPP, 2000 WL 1521180 (S.D.N.Y. Oct. 13, 2000) ..................................... 10

*Delta Air Lines, Inc. v. August*,
   450 U.S. 346 (1981) ............................................................................................................... 10

*Denney v. Deutsche Bank AG*,
   443 F.3d 253 (2d Cir. 2006) ..................................................................................................... 8

*Gay v. Waiters' & Dairy Lunchmen's Union Local No. 30*,
   86 F.R.D. 500 (N.D. Cal. 1980) ....................................................................................... 4, 5, 9

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
   574 F.3d 29 (2d Cir. 2009) ................................................................................................... 4, 8

*In re Vaughn*,
   Nos. 10-81836-WRS, 14-8010-WRS, 2016 Bankr. LEXIS 661 (Bankr. M.D. Ala.
   Mar. 3, 2016) .......................................................................................................................... 10

*Janikowski v. Lynch Ford, Inc.*,
   No. 98-cv-8111, 1999 WL 608714 (N.D. Ill. 1999), *aff'd on other grounds*, 210
   F.3d 765 (7th Cir. 2000) .......................................................................................................... 9

*Kremnitzer v. Cabrera & Rephen, P.C.*,
   202 F.R.D. 239 (N.D. Ill. 2001) ............................................................................................... 6

*Marek v. Chesny,*
   473 U.S. 1 (1985) .............................................................................................................. 10, 11

*Marisol A. by Forbes v. Giuliani*,
   126 F.3d 372 (2d Cir. 1997) ..................................................................................................... 3

*Martin v. Mabus*,
   734 F. Supp. 1216 (S.D. Miss. 1990) ....................................................................................... 9

*McDowall v. Cogan*,
   216 F.R.D. 46 (E.D.N.Y. 2003) ....................................................................................... 5, 6, 7

*Schaake v. Risk Mgmt. Alts., Inc.*,
    203 F.R.D. 108 (S.D.N.Y. 2001) ................................................................................. 6, 9

*Slovin v. Sunrun, Inc.*,
    No. 15-cv-5340-YGR, 2017 WL 2902902 (N.D. Cal. July 7, 2017) ................................ 7, 9

*Sorrentino v. ASN Roosevelt Ctr., LLC*,
    584 F. Supp. 2d 529 (E.D.N.Y. 2008) ............................................................................. 4

*Wang v. Chinese Daily News, Inc.*,
    No. 04-cv-1498-CBM, 2006 WL 1635423 (C.D. Cal. May 9, 2006) ............................. 4, 5, 7

*Weseley v. Spear, Leeds & Kellogg*,
    711 F. Supp. 713 (E.D.N.Y. 1989) ................................................................................. 8

*Women's Comm. for Equal Emp't Opportunity v. Nat'l Broad. Co.*,
    76 F.R.D. 173 (S.D.N.Y. 1977) ..................................................................................... 8

**STATUTES**

New York General Business Law § 349 ............................................................................. 3, 6

**OTHER AUTHORITIES**

13 *Moore's Federal Practice* § 68.03[3] .............................................................................. 5

**RULES**

Fed. R. Civ. P. 23(d) ......................................................................................................... 3, 4

Fed. R. Civ. P. 23(d)(1)(C) .................................................................................................. 4

Fed. R. Civ. P. 23(e) .................................................................................................. 4, 5, 6, 7

Fed. R. Civ. P. 68 ................................................................................................................ 5

**I.       INTRODUCTION**

Although this case involves a certified class action, Defendants took the rare step of serving Rule 68 Offers on each of the named plaintiffs, including the Class Representative Plaintiffs.  While counsel for Defendants informed Plaintiffs' Counsel that the Rule 68 Offers were only intended to resolve the personal injury claims, that is not what the Rule 68 Offers state.

As explained below, Defendants' Rule 68 Offers are problematic in the class context.  Accordingly, the undersigned respectfully requests that the Court stay any Rule 68 Offers to the Class Representative Plaintiffs until the resolution of the class claims.

**II.      FACTUAL AND PROCEDURAL HISTORY**

After the Court certified Florida and New York classes, Plaintiffs filed a motion to stay trial of the individual and personal injury claims.  Dkt. 139.  Defendants, in the meantime, filed a petition for interlocutory review pursuant to Rule 23(f).  The Court held a hearing on Plaintiffs' motion to stay on December 5, 2017, and held that if the Second Circuit granted Defendants' interlocutory appeal, the individual claims would proceed to trial; otherwise, if the Second Circuit denied the petition for appeal, the class claims would proceed to trial.  The Second Circuit denied Defendants' petition on February 27, 2018.

While Defendants' motion for summary judgment and various Daubert motions were pending, on July 19, 2018, Defendants served Rule 68 Offers on each of the named plaintiffs, including the Class Representatives.  The Rule 68 Offers, which are materially identical, provide that Defendants will pay each Plaintiff:

> [T]he amount of $1,001.00 in full and final satisfaction of: (1) all claims asserted by Plaintiff against Defendants in this action which are not currently certified for class action treatment, as well as (2) any recoverable costs and any allegedly recoverable attorneys' fees corresponding to those claims accrued through the date

of this offer. This Offer of Judgment specifically excludes and does not apply to any and all currently certified class claims asserted by Plaintiff or any plaintiff in this action.

With the exception of the currently certified class claims, this Offer of Judgment is expressly conditioned on it being accepted by Plaintiff in full satisfaction of all federal and state law claims asserted by Plaintiff against Defendants, or for any such claim that could be or has been asserted against Defendants and/or any of Defendants' respective officers, agents, affiliated entities, representatives, or employees, either past or present, arising out of the subject matter of Plaintiff's complaint(s) in this action.

\* \* \*

Acceptance of this Offer of Judgment will act to release and discharge Defendants, their successors or assigns, and all past and present employees, representatives, and agents of Defendants, from any and all claims that were or could have been alleged by Plaintiff against Defendants and their past and present successors, assigns, agents, employees, and representatives, in this action, excluding only the currently certified class claims.

*See* Rivas Decl., Ex. A.

On August 1, 2018, Plaintiffs' Counsel, Ms. Rosemary Rivas, spoke with counsel for Defendants, Mr. Peter Siachos, regarding the Rule 68 Offers. Rivas Decl., ¶ 3. Mr. Siachos stated that Defendants intended that the Rule 68 Offers apply only to the personal injury claims of the Class Representative Plaintiffs.[1]  *Id.*  Initially, Mr. Siachos stated that Defendants would re-write and serve the Rule 68 Offers to make that clear, but Defendants did not. *Id.* Defendants offered to extend the deadline for all Plaintiffs to respond to the Rule 68 Offers until August 31, 2018. *Id.*

---

[1] Plaintiffs also allege claims for unjust enrichment, breach of express warranty, breach of implied warranty, violations of the Magnuson-Moss Warranty Act, strict liability, and negligence. Plaintiff Jasmin Hervey, whose Motion for Joinder was granted and entered on August 22, 2017, is not named in the complaint yet. Plaintiffs were waiting to amend the complaint to add Hervey and conform the class definitions to the Court's certification order once the parties' Daubert motions and Defendants' motion for summary judgment were resolved.

On August 1, 2018, the Court entered an order granting summary judgment on certain claims and decertifying the class claims for unjust enrichment under New York and Florida law. Dkt. 223. The Court also decertified the claims for injunctive relief and the claims under the Florida Deceptive and Unfair Trade Practices Act. The only claims that remain certified are on behalf of New York residents for violation of the New York General Business Law § 349.

Prior to its Summary Judgment Order, on August 1, 2018, the Court granted the extension on the period for Plaintiffs to respond to Defendants' Rule 68 Offers until August 31, 2018. The Court also set a briefing schedule regarding the validity of the Rule 68 Offers, which are the subject of this brief.

Plaintiff Jasmin Hervey instructed her counsel of record, Levi & Korsinsky, LLP, to serve her signed and executed offer on Defendants, which Levi & Korsinsky, LLP did on August 3, 2018.[2] None of the other Class Representative Plaintiffs have done so.

### III. ARGUMENT

#### A. The Court Has Inherent Authority to Stay Rule 68 Offers or Take Any Other Steps to Protect Class Members

Pursuant to Rule 23(d) of the Federal Rules of Civil Procedure, the Court has the authority to issue orders ensuring "the fair and efficient conduct of the action." Advisory Committee Note on Subdivision (d); *see also Marisol A. by Forbes v. Giuliani*, 126 F.3d 372, 379 (2d Cir. 1997) (per curiam) (describing "ample tools" available to district court "to fulfill its responsibility" under Rule 23). Thus, the Court has the power to utilize Rule 23(d) as a

---

[2] Levi & Korsinsky, LLP understands that they may have to withdraw as counsel for Plaintiff Hervey, or that Hervey may have to be withdrawn as a Class Representative. Levi & Korsinsky, LLP will await to file such papers once they have received the Court's ruling on this motion and after discussing such a ruling with Ms. Hervey and her position in light of the Court's ruling.

management tool to ensure that all Class members are protected.  *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 37 (2d Cir. 2009).

Among other things, a district court may impose conditions on the parties and their counsel in a class action.  *See* Fed. R. Civ. P. 23(d)(1)(C).  The Court may regulate communications under Rule 23(d), which "extends to communications that interfere with the proper administration of a class action[,] those that abuse the rights of members of the class," and situations in which "there is a relationship that is inherently coercive . . . ."  *Sorrentino v. ASN Roosevelt Ctr., LLC*, 584 F. Supp. 2d 529, 532 (E.D.N.Y. 2008).

Here, Defendants' Rule 68 Offers to the Class Representatives are in tension with Rule 23, including particularly the requirements of Rule 23(e), and pose a conflict with the fiduciary obligations that the Class Representatives and Class Counsel have toward members of the certified New York Class.  In light of the Court's broad authority under Rule 23(d), this Court has the authority to stay the Rule 68 Offers until resolution of the certified class claims, or to take whatever steps it deems necessary to protect the rights of absent Class members.

### B. Rule 68 Offers of Judgment Are in Conflict with Rule 23 and Pose a Potential Conflict to Class Representatives

Defendants' Rule 68 Offers of individual settlement to the Class Representatives are problematic for at least two reasons.  First, "the mandatory nature of Rule 68 conflicts with Rule 23's requirement that any settlement be approved by the Court after a hearing regarding the fairness of any settlement."  *Wang v. Chinese Daily News, Inc.*, No. 04-cv-1498-CBM, 2006 WL 1635423, at *1 (C.D. Cal. May 9, 2006) (citing *Gay v. Waiters' & Dairy Lunchmen's Union Local No. 30*, 86 F.R.D. 500 (N.D. Cal. 1980)) (holding Rule 68 Offers of Judgment have no applicability to matters legitimately brought as class actions pursuant to Rule 23).  Second, as to the Class Representatives, they can create impermissible conflicts of interest between the class

representatives' individual interests and their fiduciary duties to the Class. *See, e.g.*, *Wang*, 2006 WL 1635423, at *1; *Bond v. Fleet Bank (RI), N.A.*, No. 01-cv-177, 2003 WL 21011205, at *1-2 (D.R.I. Jan. 16, 2003).

Rule 23(e) of the Federal Rules of Civil Procedure provides that as to a settlement or compromise in the class action context, "[t]he claims, issues, or defenses of a certified class may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). Rule 68, in contrast, provides that "[i]f, within 14 days after being served" with a Rule 68 Offer of Judgment, an "opposing party serves written notice accepting the offer," then either party may file the offer and acceptance, and "[t]he clerk *must* then enter judgment." Fed. R. Civ. P. 68 (emphasis added). In light of Rule 23(e)'s requirement of court approval over any compromise of a claim, issue, or defense of a certified class, multiple courts have held that "the mandatory nature of Rule 68 conflicts with Rule 23's requirement that any settlement be approved by the Court after a hearing regarding the fairness of any settlement." *Wang*, 2006 WL 1635423, at *1 (citing *Gay*, 86 F.R.D. 500); *see also McDowall v. Cogan*, 216 F.R.D. 46, 47-48 (E.D.N.Y. 2003) ("The offer of judgment rule presumes that the offeree (and not the court) has authority to accept or reject the terms of a formal offer.") (quoting 13 *Moore's Federal Practice* § 68.03[3])).

Defendants have attempted to avoid the obvious conflict between Rule 68 and Rule 23(e) by purporting to exclude from their Rule 68 Offers "any and all currently certified class claims asserted by Plaintiff . . . ." *See* Rivas Decl., Ex. A. Although Defendants have represented that they only intended to include personal injury claims within the scope of the Rule 68 Offers, *see* Rivas Decl., ¶ 3, in fact, the Offers are written to offer full and final satisfaction of "all claims asserted by Plaintiff against Defendants in this action which are not currently certified for class

- 5 -

action treatment," *see id.* at Ex. A, which includes, *inter alia*, Plaintiffs' claims for economic damages stemming from breach of express and implied warranty. Defendants have already argued in multiple rounds of briefing, *see, e.g.*, Dkt. 155 (Mem. in Supp. of Mot. for Summary Judgment) at 17-18, and in their petition for interlocutory review with the Second Circuit Court of Appeals, *see In re Amla Litig.*, No. 17-3676 (2d Cir.), Dkt. 1, Petition for Permission to Appeal (Nov. 8, 2017), at 20-23, that Plaintiffs fail to satisfy the requirement of actual pecuniary harm required to assert claims under New York GBL § 349. Regardless of whether such an argument might be successful before this Court or on appeal if the Class Representatives were to accept the Rule 68 Offers, the Class Representatives' individual claims, issues, and defenses are intertwined with their certified claims, and Rule 23(e) broadly requires court approval of any compromise of any "claims, issues, or defenses" of a certified class. Fed. R. Civ. P. 23(e).

Thus, in light of the obvious tensions between Rule 68 and Rule 23, many courts have refused to allow Rule 68 to be used as a tactic to thwart the objectives of class actions. *See, e.g.*, *Schaake v. Risk Mgmt. Alts., Inc.*, 203 F.R.D. 108, 111 (S.D.N.Y. 2001) ("[I]t has long been recognized that Rule 68 Offers of Judgment have no applicability to matters legitimately brought as class actions pursuant to Rule 23"). Some courts have reconciled the two rules by observing that "the certification of a class operates as a material change in the nature of the litigation." *McDowall*, 216 F.R.D. at 50 (quoting *Kremnitzer v. Cabrera & Rephen, P.C.*, 202 F.R.D. 239, 243 (N.D. Ill. 2001)). The *McDowall* court determined that a defendant who wishes to bring class action litigation to an end through a Rule 68 offer must make such offer to the entire class; otherwise it cannot seek to impose costs on the plaintiff after a judgment is rendered:

> [I]f a defendant wishes to make an offer of judgment prior to class certification in the interests of effecting a reasonable settlement and avoiding the costs and inefficiencies of litigation, it must do so to the putative class and not to the named plaintiff alone. If it makes its offer only to the class representative, it cannot then

> seek to impose costs on him after judgment is rendered pursuant to Rule 68, as it will not have directed its offer to the proper offeree.
>
> This resolution allows the court to avoid the potential friction between Rule 68 and Rule 23. **A defendant who wishes to conclude a putative class action expeditiously may make a settlement offer to the entire putative class. If he does so, the named plaintiff will not find his fiduciary obligations to the putative class members pitted against his own self-interest.** Nor will a court likely disapprove of a settlement on the basis that it is not fair to the absent class members. This result minimizes the possibility that a named plaintiff will unfairly shoulder the costs of litigation due to the court's refusal to endorse a settlement offer.

*McDowall*, 216 F.R.D. at 51 (footnote omitted; emphasis added).

These concerns about the conflicts a Rule 68 Offer presents in the class action context are even more compelling once a class has been certified, as the class representatives indisputably owe a fiduciary duty to the class, and Rule 23(e) mandates court review of settlement or compromise by such class representatives. These concerns led the District Court for the Central District of California to conclude that Rule 68 offers made to individual representatives of a certified class were void and of no legal significance. *See Wang*, 2006 WL 1635423, at *1. Other courts have found similarly, observing that Rule 68(d)'s cost-shifting provision compels the class representatives to "weigh [their] own interest[s] in avoiding personal liability for costs under Rule 68 against the potential recovery of the class." *Slovin v. Sunrun, Inc.*, No. 15-cv-5340-YGR, 2017 WL 2902902, at *3 (N.D. Cal. July 7, 2017) (citations omitted). This type of "cost-shifting tactic" forces the class representatives to choose between their duties as class representatives and accepting a payout to potentially avoid personal liability for defendants' post-offer costs. *Id.*

    **C.    Rule 68 Offers May Threaten the Class Representatives' Adequacy to Proceed on Behalf of the Certified Class**

Defendants' Rule 68 Offers should be stayed until resolution of the class claims because the offers may also raise issues with regards to Rule 23(a)'s adequacy requirement. Adequacy

- 7 -

requires inquiry into whether "plaintiff's interests are antagonistic to the interest of other members of the class . . . ." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d at 35.  The Second Circuit has further held that "the proposed class representative must have an interest in vigorously pursuing the claims of the class . . . ." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006) (citations omitted).  The Rule 68 Offers put the representative Plaintiffs' appointments as class representatives in jeopardy because Defendants[3] may argue that Plaintiffs should be deemed inadequate whether they accept *or* reject the offers.

      First, Defendants may argue that acceptance of the Rule 68 Offers deems the Class Representatives inadequate because they would already have accepted and received a sum of money in addition to their share of any class recovery.  In *Women's Comm. for Equal Emp't Opportunity v. Nat'l Broad. Co.*, 76 F.R.D. 173, 180 (S.D.N.Y. 1977), the court stated that "[w]hen representative plaintiffs make what amounts to a separate peace with defendants, grave problems of collusion are raised."  The court continued, "[p]laintiffs in class actions undertake to represent not only themselves, but *all* members of the class . . .  But when named plaintiffs are willing to sign a consent decree granting them all or virtually all--71% for example--of what they seek, a serious question arises as to whether the interests of the class have been relegated to the back seat." *Id.*; *see also Weseley v. Spear, Leeds & Kellogg*, 711 F. Supp. 713, 720 (E.D.N.Y. 1989) ("If class representatives expect routinely to receive special awards in addition to their share of the recovery, they may be tempted to accept suboptimal settlements at the expense of the class members whose interests they are appointed to guard.").  Accordingly, Defendants may take the position, or this Court may find, that since Plaintiffs accepted the offer and received

---

[3] Moreover, if there is a class action settlement, potential objectors could challenge adequacy.

$1,001.00 as a result, they no longer have the same incentive to see the case through trial or other resolution.

Moreover, some courts have held that an adequate plaintiff's duty to the class or putative class may preclude a class representative from accepting a favorable settlement of their individual claim. *See Slovin*, 2017 WL 2902902, at *3, n.5; *see also Gay*, 86 F.R.D. at 503 (holding offer of judgment inapplicable in class action context due to conflict of interest otherwise created for class representative and interference with goals of Rule 23); *Schaake*, 203 F.R.D. at 111 ("[I]t has long been recognized that Rule 68 Offers of Judgment have no applicability to matters legitimately brought as class actions pursuant to Rule 23"); *Janikowski v. Lynch Ford, Inc.*, No. 98-cv-8111, 1999 WL 608714, at *2 (N.D. Ill. 1999), *aff'd on other grounds*, 210 F.3d 765 (7th Cir. 2000) (finding that plaintiff was "not at liberty to accept the offer when it was made because she was then lead plaintiff in a putative class action"); *Martin v. Mabus*, 734 F. Supp. 1216, 1222 (S.D. Miss. 1990) (noting that "in this rule 23(b)(2) class action, the procedures prescribed by rule 68 for making an offer of judgment are literally inapplicable because rule 23(e) requires that court approval be obtained in order for a case to be dismissed or compromised") (citations omitted). On the other hand, Defendants may also argue that Plaintiffs are inadequate if they do *not* accept the Rule 68 Offers.

Further, despite Defendants' assurances that the Rule 68 Offers were only intended to relate to personal injury claims, Defendants may still argue that certain other claims (*i.e.*, breach of warranty and unjust enrichment) have been disposed of in the acceptance of the offer and render the Class Representatives inadequate, or render them without Article III standing, to continue pursuing damages based upon their purchases of the product. In other words, acceptance of the Rule 68 Offers could give Defendants an argument that Plaintiffs have a

judgment in satisfaction of their economic damages, and may raise questions as to whether the Plaintiffs are still adequate and still have standing to pursue the certified claims.

Plaintiffs are facing a situation where their choice to either accept *or* reject the Rule 68 Offers can be used as ammunition by Defendants to argue they are no longer adequate class representatives. Accordingly, Defendants' Rule 68 Offers to the Class Representatives should be stayed until resolution of the class claims.

### D.     The Rule 68 Offers Were Not Made in Good Faith

The "plain purpose of Rule 68 is to encourage settlement and avoid litigation." *Marek v. Chesny,* 473 U.S. 1, 7 (1985) (citations omitted). "Under Rule 68 a defendant's settlement offer must be sufficient to justify *serious consideration* by the plaintiff and made in *good faith*." *Ciraolo v. City of N.Y.*, No. 97-cv-8208-RPP, 2000 WL 1521180, at *2 (S.D.N.Y. Oct. 13, 2000) (emphasis added) (quoting *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 349 (1981)); *see also In re Vaughn*, Nos. 10-81836-WRS, 14-8010-WRS, 2016 Bankr. LEXIS 661 (Bankr. M.D. Ala. Mar. 3, 2016) ("it is hardly fair or evenhanded to make the plaintiff's rejection of an utterly frivolous settlement offer a watershed event that transforms a prevailing defendant's right to costs in the discretion of the trial judge into an absolute right to recover the costs incurred after the offer was made") (quoting *Delta Air Lines, Inc.*, 450 U.S. at 356); *see also Delta Air Lines, Inc.*, 450 U.S. at 358 (reviewing intent of Rule 68, and finding purpose served by Rule 68 offer of judgment was "to penalize prevailing plaintiffs who had rejected *reasonable* settlement offers without good cause") (emphasis added).

Here, Defendants' offers were not made in good faith, or in an attempt to dispose of each Plaintiff's case on a reasonable basis. For each Plaintiff, Defendants made nearly identical and arbitrary offers of $1,001.00, an amount which has no rational relationship to the relief sought. Further, and perhaps even more troubling, each offer *excludes* attorneys' fees and costs, which

distorts the risk assessment that Plaintiffs must undertake. Each Plaintiff's costs in pursuing this litigation are well beyond $1,001.00. Thus, any acceptance of these offers requires Plaintiffs' counsel to either (1) forgo any opportunity to recover their costs in this litigation to reduce the exposure to the cost-shifting risk posed by Rule 68,[4] or (2) attempt to recoup a portion of their costs, potentially resulting in zero recovery. Either result undermines the spirit of Rule 68. As the Supreme Court has explained, Rule 68 seeks to encourage settlement by "prompt[ing] both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." *Marek*, 473 U.S. at 5. It does not exist to penalize plaintiffs who have rejected *unreasonable* and vindictive settlement offers, or to coerce Plaintiffs to accept settlement offers that could leave them with zero recovery.

## IV.   CONCLUSION

Based on the foregoing, the undersigned respectfully requests that the Court grant this motion.

                                          Respectfully submitted,

Dated: August 13, 2018          **LEVI & KORSINSKY, LLP**

                                  By:  *s/ Rosemary M. Rivas*
                                      Rosemary M. Rivas

                                  Rosemary M. Rivas (*pro hac vice*)
                                  rrivas@zlk.com
                                  44 Montgomery Street, Suite 650
                                  San Francisco, CA 94104
                                  Telephone: (415) 291-2420
                                  Facsimile: (415) 484-1294

---

[4] While Plaintiffs' counsel are prepared to make any decision necessary to advance the interests of Class members and Plaintiffs ahead of their own, such a decision should not be forced in the context of a sham Rule 68 offer that clearly seeks to create an unnecessary tension between Plaintiffs and their counsel.

Andrea Clisura (AC1313)
aclisura@zlk.com
**LEVI & KORSINSKY, LLP**
30 Broad Street, 24th Floor
New York, New York 10004
Telephone: (212) 363-7500
Facsimile: (212) 636-7171

Lori G. Feldman (LF3478)
**GERAGOS & GERAGOS APC**
7 West 24th Street
New York, NY 10010
Telephone: (917) 388-3121

Mark J. Geragos (*pro hac vice*)
geragos@geragos.com
Ben J. Meiselas (*pro hac vice*)
meiselas@geragos.com
**GERAGOS & GERAGOS APC**
Historic Engine Co. No. 28
644 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 625-3900
Facsimile: (213) 232-3255

*Co-Lead Class Counsel*