UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
                                        :    16-cv-6593
In re: AMLA LITIGATION                  :
                                        :    OPINION AND ORDER
----------------------------------------x



JED S. RAKOFF, U.S.D.J.

Defendants in this case made an offer of judgment to each of the individual plaintiffs, purportedly without prejudice to the remaining class claims. These offers were purportedly made as formal offers of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure, even though they were not docketed as such. Court then set a briefing schedule on plaintiffs' motion for an order staying these Rule 68 offers until after the resolution of the class claims, which, inter alia, required defendants' opposition to plaintiffs' motion to be filed on August 22, 2018. No such response was filed, but on August 23, 2018, the parties jointly called chambers and defense counsel explained that (a) he was under the impression that the response was due on August 27, and, (b) in any case, the matter was moot because he had been instructed by his client to withdraw the offers of judgment, effective at 5:00 P.M. on August 24, even though he (counsel) had previously agreed that they would remain open until the end of September. In response, plaintiffs' counsel stated that at least one of the named plaintiffs had already accepted in writing the offer of judgment and that,

1

furthermore, plaintiffs believed that defendant should be required to keep the offers open until the end of September because plaintiffs may have relied on defense counsel's representation that that would be the case.

Under these circumstances, the Court needs to convene an in-court conference to clarify and resolve these various issues. The conference shall be held on Thursday, August 30, 2018 at 5:00 P.M. in Courtroom 14B of the United States courthouse at 500 Pearl Street, New York, New York. At the conference, there must be present in person at least one lawyer from each side who is fully knowledgeable with respect to all relevant aspects of the above-described imbroglio. In addition, there must be present, in person, a client representative from defendants with full authority over the making and withdrawing of the aforesaid offers.

In the interim, defendants are hereby enjoined from withdrawing the offers of judgment until the conclusion of the in-court conference.

SO ORDERED.

Dated: New York, NY
August 23, 2018

JED S. RAKOFF, U.S.D.J.