**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: AMLA LITIGATION | Consolidated Case No. 1:16-cv-06593 (JSR) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* NO. 10 TO PARTIALLY EXCLUDE THE EXPERT TESTIMONY OF DR. JONATHAN D. HIBBARD**

**TABLE OF CONTENTS**

Page

I.    BACKGROUND ...........................................................................................................1

II.    ARGUMENT ................................................................................................................2

    A.    PORTIONS OF HIBBARD'S TESTIMONY ARE IRRELEVANT TO THE CLAIMS AT ISSUE ................................................................................................2

III.    CONCLUSION .............................................................................................................3

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Arlio v. Lively*,
  474 F.3d 46 (2d Cir. 2007) ................................................................................................... 2

*Levine v. Goldin*,
  1993 WL 147552 (S.D.N.Y. Apr. 30, 1993) ......................................................................... 2

*Stutman v. Chemical Bank*,
  731 N.E.2d 608 (N.Y. 2000) ................................................................................................ 2

**Rules**

Fed. R. Evid. 401 ............................................................................................................................ 2

Pursuant to Rule 9 of this Court's Individual Rules of Practice, Plaintiffs Sandi Turnipseed, Jennifer Sanon, and Jasmin Hervey ("Plaintiffs") hereby move *in limine* to partially exclude the testimony of Defendants' L'Oreal USA, Inc. and SoftSheen-Carson, LLC ("Defendants") expert witness, Dr. Jonathan D. Hibbard, because his testimony is largely irrelevant, as Plaintiffs explain in more detail below.

**I.    BACKGROUND**

Plaintiffs allege that Defendants violated Section 349 of New York's General Business Law because they falsely and misleadingly advertised the Amla Legend Rejuvenating Ritual No-Mix, No-Lye ("Product").  Specifically, Defendants represented on the Product's packaging that it contained a scalp protector.  Defendants also represented the Product as a "No-Lye," relaxer with "Amla Oil" from India in positive terms, which Plaintiffs' survey shows consumers interpreted to mean the Product was safer, less harmful to your hair and scalp, and less harsh. *See* accompanying Declaration of Rosemary M. Rivas ISO Motion in Limine No. 10 ("Rivas Decl. MIL No. 10") at Ex. A (Declaration & Expert Report of J. Michael Dennis, Ph.D) at ¶¶ 18. Defendants also never disclosed that the scalp protector did not protect from the Product's relaxer cream. Plaintiffs allege that Defendants' representations (and omissions) were false and/or misleading because the scalp protector did not work.

Defendants hired Dr. Jonathan Hibbard to rebut the report of Plaintiffs' expert, Dr. J. Michael Dennis, Ph.D.  But Dr. Dennis generally opined on the materiality of Defendants' misrepresentations, and how consumers interpreted Defendants' "No-Lye," and "Amla Oil" representations, among other things.  Rivas Decl. MIL No. 10, Ex. A at ¶¶ 16-20.  Dr. Hibbard's opinion and survey failed to measure the materiality of Defendants' representations, or how consumers interpreted them.  Instead, Dr. Hibbard measured whether consumers have a history

of using relaxers, whether they understand hair relaxers have certain risks, and involve certain safety procedures, among other things. *Id.,* Ex. B (Expert Rebuttal Report of Dr. Jonathan D. Hibbard) at ¶ 102.

## II. ARGUMENT

### A. PORTIONS OF HIBBARD'S TESTIMONY ARE IRRELEVANT TO THE CLAIMS AT ISSUE

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *see also Arlio v. Lively*, 474 F.3d 46, 52 (2d Cir. 2007) ("If an item of evidence tends to prove a fact that is of consequence to the determination of the action, it is relevant. If it does not tend to prove a material fact, it is irrelevant."). Fed. R. Evid. 401 provides that "[i]rrelevant evidence is not admissible." *See also Levine v. Goldin*, 1993 WL 147552, at *3 (S.D.N.Y. Apr. 30, 1993) (irrelevant evidence "serve[s] only to confuse the jury.").

Here, Dr. Hibbard's summary of the report and testimony of Dr. Dennis is irrelevant because Dr. Dennis' report speaks for itself. There is no need for Dr. Hibbard to testify as to what Dr. Dennis testified to, and it will only cause undue delay of the trial proceedings in this case. Therefore, Paragraphs 15-32 of the report and testimony of Dr. Hibbard should be excluded as irrelevant.

Additionally, no reliance is required under Section 349 of the GBL (*see Stutman v. Chemical Bank*, 731 N.E.2d 608, 612 (N.Y. 2000)) and the claim has nothing to do with the failure of consumers to follow safety warnings or instructions because they were injured at the cash register when they bought a Product that did not have an adequate scalp protector. Either the scalp protector was an effective, protective barrier between the skin and the relaxer cream, or it was not, and if Plaintiffs show that it lacked efficacy, then they will prove a violation of Section

349. Thus, many of the questions asked in the Hibbard Survey, such as how many times a consumer has bought a no-lye relaxer, or how many times they typically buy one, are simply not relevant to whether the scalp protector worked or not and whether the Product was falsely and/or misleadingly advertised.  Accordingly, Dr. Hibbard's survey, results, explanations and conclusions with respect to the following questions are irrelevant and should be stricken:

- Question 1 (How many times have you ever purchased a no-lye hair relaxer kit?)
- Question 2 (How often do you typically purchase no-lye hair relaxer kits)
- Question 4 (Which, if any, of the following have you ever experienced as a result of using a no-lye relaxer?)
- Question 5 (Below is a list of items sometimes used for haircare. Please select the items, if any, that you typically use on or in your hair at least once every 3 months.)

Plaintiffs agree that Dr. Hibbard may testify as to sub-questions 3(a) (No-lye hair relaxers should be applied to hair while wearing gloves); 3(e) (No-lye hair relaxers should be put on after applying scalp protector); 3(g) (No-lye hair relaxers may irritate the scalp); 3(i) (No-Lye hair relaxers may damage hair or skin); 3(j) (No-Lye hair relaxers use strong chemicals to straighten hair); and 3(l) (No-Lye hair relaxers may cause hair to fall out) as these questions and the results show the materiality of a scalp protector.[1]

### III.   CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court grant this motion.

---

[1] Plaintiffs disagree with Dr. Hibbard's criticisms of the Dennis survey but nevertheless do not believe any modifications Dr. Hibbard made in conducting his survey materially affect his survey's results.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: January 10, 2019 | **LEVI & KORSINSKY, LLP** |
|  | By: *s/ Rosemary M. Rivas* |
|  | Rosemary M. Rivas |

Rosemary M. Rivas (*pro hac vice*)
rrivas@zlk.com
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 373-1671
Facsimile: (415) 484-1294

Andrea Clisura (AC1313)
aclisura@zlk.com
**LEVI & KORSINSKY, LLP**
55 Broadway, 10th Floor
New York, New York 10006
Telephone: (212) 363-7500
Facsimile: (212) 636-7171

Lori G. Feldman (LF3478)
**GERAGOS & GERAGOS APC**
7 West 24th Street
New York, NY 10010
Telephone: (917) 388-3121

Mark J. Geragos (*pro hac vice*)
geragos@geragos.com
Ben J. Meiselas (*pro hac vice*)
meiselas@geragos.com
**GERAGOS & GERAGOS APC**
Historic Engine Co. No. 28
644 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 625-3900
Facsimile: (213) 232-3255

*Co-Lead Interim Class Counsel*