**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :    No. 16-cv-06593 (JSR)
                                                      :
In re:  AMLA LITIGATION                               :
                                                      :
                                                      :
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

---

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO PARTIALLY EXCLUDE THE TESTIMONY OF DEFENDANTS' SURVEY EXPERT DR. JONATHAN D. HIBBARD**

---

GORDON REES SCULLY MANSUKHANI LLP
*Attorneys for Defendants L'Oréal USA, Inc. and Soft Sheen-Carson, LLC*
1 Battery Park Plaza, 28th Floor
New York, NY 10004
T: (973) 549-2532
E: psiachos@grsm.com

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT ..............................................................................................................2

     I.      LEGAL STANDARD ...............................................................................2

     II.     DR. HIBBARD'S OPINIONS SHOULD BE NOT BE EXCLUDED
            BECAUSE THEY ARE RELEVANT TO THE CLAIMS AT ISSUE ..................3

           A.      Dr.  Hibbard's Summary Of Dr. Dennis' Report Is Relevant .....................3

           B.      Dr. Hibbard's Survey Questions All Are Relevant To Plaintiffs'
               Remaining Claims ........................................................................................4

           C.      Plaintiffs' Confusion Regarding The Scope Of Trial Requires
               Denial ...........................................................................................................5

CONCLUSION............................................................................................................5

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Jean-Laurent v. Hennessy*,
  840 F. Supp. 2d 529 (E.D.N.Y 2011) ....................................................................... 3

*Luce v. United States*,
  469 U.S. 38, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984) ............................................. 2

*Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp.*,
  937 F. Supp. 276 (S.D.N.Y. 1996) ........................................................................... 2

*Palmieri v. Defaria*,
  88 F.3d 136 (2d Cir. 1996) ....................................................................................... 2

*United States v. Barrett*,
  153 F. Supp. 3d 552 (E.D.N.Y. 2015) ...................................................................... 3

*United States v. Paredes*,
  176 F. Supp. 2d 179 (S.D.N.Y. 2001) ...................................................................... 2

**Rules**

Fed. R. Evid. 401 ............................................................................................................. 3

Fed. R. Evid. 402 ............................................................................................................. 3

Fed. R. Evid. 403 ............................................................................................................. 3

## PRELIMINARY STATEMENT

Under the guise of relevancy and waste of time objections, Plaintiffs seek to exclude some of the most relevant testimony from Defendants' survey expert, Dr. Jonathan Hibbard, presumably because such evidence broadsides their claims.  Plaintiffs contend that this case is about whether consumers interpreted the "no-lye"[1] representation on the Relaxer box and the inclusion of a scalp protector in the Relaxer kit to mean the product would not harm consumers' hair and scalp and would be less harsh.  Yet Plaintiffs' seek to exclude Dr. Hibbard's survey questions on these very claims.

Moreover, Plaintiffs seek to exclude survey questions on which Dr. Hibbard's five relevant opinions rely, yet do not seek to exclude the opinions themselves.  Because relevant, admissible opinions are based on the survey questions Plaintiffs seek to exclude, Plaintiffs' motion must be denied.

Finally, because Plaintiffs themselves cannot figure out the scope of the case[2], none of Dr. Hibbard's report and testimony should be struck.  By way of example, on the one hand,

---

[1] The Court has ruled that the "no-lye" statement on the Relaxer's packaging is neither expressly nor impliedly misleading. Dkt. 223, Summary Judgment Order, pp. 16-18 (finding that the "no-lye" statement is "literally true" and granting L'Oreal's motion for summary judgment "to the extent plaintiffs' claims are based upon the express falsity" of this representation); Dkt. 244, Decert. Order, p. 31 (finding that the value of the "no-lye" statement on the Relaxer's packaging "is not readily quantifiable" and, because "Plaintiffs have offered no methodology for teasing out the impact on price of these allegedly deceptive claims, … [t]he class may not proceed on the theory that the product's packaging deceptively communicated that it was safer than other relaxers.").

[2] Plaintiffs have throughout this case insisted that L'Oreal represents that the Relaxer is "safer and gentler" through the "amla oil" statements on the Product's packaging."  Dkt. 105, Plaintiffs' Memo of Law In Support of Class Certification, p. 6, n.3 (arguing that the alleged misrepresentation that the Relaxer was gentler and safer than other products was inherent in the representation on the product's packaging that the Relaxer contains "amla oil."); Decert. Hearing Trans., pp. 39-40 (counsel for Plaintiff arguing at the October 17, 2018 decertification hearing that L'Oreal represents that the Relaxer is "safer and gentler" "by virtue of representations that it has Amla oil and no lye...").  The Court rejected these arguments.  Dkt. 244, Decert. Order, p. 2

Plaintiffs contend the case is about whether a "No-Lye" relaxer with "Amla Oil" is harmful to hair and scalp and is less harsh than other relaxers (Pl Memo p. 1); on the other hand, Plaintiffs contend the case is merely about whether the scalp protector worked or not (Pl. Memo pp. 2-3). While Defendants believe the case is about the latter, Plaintiffs' motion should not even be considered until the scope of the case has been defined.

## ARGUMENT

## I.   LEGAL STANDARD

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *Luce v. United States*, 469 U.S. 38, 40 n.2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (same); *Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp.*, 937 F. Supp. 276, 283 (S.D.N.Y. 1996) (same). "Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001). Indeed, courts considering a motion in limine may reserve decision until trial, so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co.*, 937 F. Supp. at 287. Further, the court's ruling regarding a motion in limine is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." *Luce*, 469 U.S. at 41.

---

("precluding the class from proceeding on the theory that the product's packaging deceptively suggested it was safer than other hair relaxers."), *Id.* at p. 31 (finding that "[t]he class may not proceed on the theory that the product's packaging deceptively communicated that it was safer than other products."); Dkt. 223, Summary Judgment Order, p. 18 (granting summary judgment in L'Oreal's favor "to the extent plaintiffs' claims are based on the express falsity of any of the [Relaxer packaging's] representations, apart from those related to the scalp protector.").

## II.   DR. HIBBARD'S OPINIONS SHOULD BE NOT BE EXCLUDED BECAUSE THEY ARE RELEVANT TO THE CLAIMS AT ISSUE

Federal Rule of Evidence 402 requires that evidence be relevant to be admissible. *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 536 (E.D.N.Y 2011). "The Federal Rules of Evidence characterize relevant evidence broadly as evidence bearing on a consequential fact and having "any tendency to make a fact more or less probable than it would be without the evidence." *United States v. Barrett*, 153 F. Supp. 3d 552 (E.D.N.Y. 2015) citing Fed. R. Evid. 401.  Even if the evidence meets this standard, however, it may be excluded if its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### A.   Dr.  Hibbard's Summary Of Dr. Dennis' Report Is Relevant

Contrary to Plaintiffs' contention, Dr. Hibbard's summary of the report and testimony of Dr. Dennis is relevant because it explains Dr. Dennis' report (which is scores of pages) in seventeen short paragraphs that the jury can easily understand. Furthermore, Dr. Hibbard's very short explanation of his own understanding of Dr. Dennis' report is important as it leads into Dr. Hibbard's criticisms and rebuttal to Dr. Dennis' report.  The probative value of an expert briefly explaining the adversary's expert's report outweighs the non-existent prejudicial impact and alleged waste of time.  This very short motion is a waste of time; the seventeen paragraphs summarizing Dennis' report is not, and in fact, will help the jury understand the salient issues. As such, Plaintiffs' motion to exclude paragraphs 15-32 of Dr. Hibbard's report should be denied.

**B.** **Dr. Hibbard's Survey Questions All Are Relevant To Plaintiffs' Remaining Claims**

Plaintiffs seek to have their survey expert testify about consumer's experiences with a no-lye relaxer, yet seek to exclude Dr. Hibbard's survey questions about no-lye relaxers.  To wit, out of one side of their mouth, Plaintiffs state that the case is about whether consumers knew they could be injured by a no-lye relaxer that contains a scalp protector.  Out of the other side of their mouth, Plaintiffs contend that survey questions about (a) the injuries no-lye relaxer users suffered as a result of no-lye relaxer use, including scalp burning and hair loss (Question 3); (b) the frequency of no-lye relaxer use (Questions 1 and 2, which shows that the answers to Question 3 are from frequent users of no-lye relaxers); and (c) whether the survey participants utilized other hair treatments that might have been the culprit of their injuries as opposed to the Relaxer (Question 5) all are somehow irrelevant.   Yet Plaintiffs' survey expert, Dr. Dennis, asks similar questions aimed at consumers' experiences with no-lye relaxers.  What's good for the goose is good for the gander.

Dr. Hibbard's survey questions and responses are relevant to the claims Plaintiffs contend are at issue in this litigation under this Circuit's broad characterization of relevancy.[3]  More importantly, each of the survey questions Plaintiffs seek to strike on a feigned relevance ground are dependent on the other, and support Dr. Hibbard's opinions.  Specifically, as set forth in Dr. Hibbard's report in Paragraph 102 (p. 31), Dr. Hibbard comes to five different opinions that all are dependent on each of the survey questions and which are inextricably intertwined.  Notably, Plaintiff cannot attack each of the opinions on relevancy grounds as they all are relevant; instead, they cleverly attempt to undermine the opinions by attacking the survey questions on which

---

[3] Again, Plaintiffs cannot seem to make up their mind as to what claims are at stake. *S*

Hibbard's opinions rely.  The report and survey questions cannot be sliced up with a motion *in limine*.

Also, it makes no sense that Plaintiffs seek to exclude certain questions regarding consumers' use of no-lye relaxers (Questions 1, 2, 4, and 5), then concede that questions regarding the application, effects and composition of no-lye relaxers somehow are relevant (Questions 3(a), (e), (g), (i), (j) and (l)).  Plaintiffs cannot cherry pick which questions they do not like and seek to exclude them based on relevancy, especially when their position as to which questions are relevant is so inconsistent.

Finally, there the probative value of the survey questions greatly outweighs any potential prejudicial impact (*i.e.*, waste of time).  The exclusion of these questions likely would save only a few minutes a trial.   However, the exclusion would prejudice Defendants in that Dr. Hibbard would not be able to support his five opinions with the survey as designed.  As such, Plaintiffs' motion to exclude certain survey questions must be denied.

### C.   Plaintiffs' Confusion Regarding The Scope Of Trial Requires Denial

Finally, Plaintiffs also do not seem to have a clear understanding as to the issues at stake in this trial.  Despite this Court's Orders on Summary Judgment and Decertification excluding the no-lye and amla oil claims, Plaintiffs claim that the alleged dangerousness of the Relaxer and issues regarding "Amla Oil" are still in play. (Pl. Memo, p. 1).  In the same document, they say that the case is about one discrete issue: whether the scalp protector worked (Pl Memo, p. 3). Which one is it?  Until the scope of the trial is settled, none of L'Oreal's evidence should be excluded on the grounds of relevancy.

### CONCLUSION

For the reasons set forth above, Defendants respectfully submit that the Court should deny Plaintiffs' motion to exclude the opinions and testimony of Dr. Hibbard.

Dated:   January 15, 2019

GORDON REES SCULLY MANSUKHANI LLP
*Counsel for L'Oreal USA, Inc. and*
*SoftSheen Carson, LLC*

By:      */s/ Peter G. Siachos*
      M.D. Scully *admitted pro hac vice*
      Peter G. Siachos

1 Battery Park Plaza, 28th Floor
New York, NY 10004
T: (973) 549-2532
E: psiachos@grsm.com