**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                : Civil Action No. 1:16-cv-06593 (JSR)
                                                :
                                                :
In re: AMLA LITIGATION                          :
                                                :
                                                :
                                                :
                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PRETRIAL CONSENT ORDER**

Pursuant to Fed. R. Civ. P. 26(a)(3) of the Federal Rules of Civil Procedure, the

Individual Rules of Hon. Jed S. Rakoff, and the Order for Trial entered October 30, 2018 (Doc.

243) the parties jointly submit this Pretrial Consent Order for the trial set to begin on January 22,

2019.

**(i)     JOINT OVERVIEW OF CASE:**

Plaintiffs' Statement:

Plaintiffs contend that Defendants L'Oréal USA, Inc. and Soft Sheen- Carson, LLC

(collectively "L'Oréal") marketed and sold a hair relaxer kit known as the Amla Legend

Rejuvenating Ritual No-Mix, No-Lye Relaxer (the "Amla Kit") in violation of New York's

General Business Law, § 349.  Specifically, Plaintiffs allege that the Amla Kit's scalp protector

was ineffective and did not protect the skin and scalp from the aggressive and dangerous relaxer

cream that Defendants admit can cause serious skin injuries and hair loss, rendering Defendant's

representations on the Amla Kit false and misleading.

Plaintiffs claim that L'Oréal failed to formulate a proper scalp protector for use with the

relaxer cream.  Instead, Plaintiffs claim L'Oréal simply took the scalp protector it had already

formulated for a different and gentler children's relaxer kit and used it with the Amla Kit.

1

Moreover, Plaintiffs allege that before making the Amla Kit available for sale, L'Oréal did no testing of the Amla Kit's scalp protector and relaxer cream on the target audience—African American women.

Plaintiffs claim L'Oréal acknowledged a scalp burning problem, along with a high number of complaints about hair breakage/loss compared to its other hair relaxers and technologies.[1]  Plaintiffs claim that instead of taking appropriate remedial measures to protect their customers, such as reformulating the scalp protector or the relaxer cream, L'Oréal revised the Amla Kit's labeling to "put a more positive spin on the scalp burning issue."  Plaintiffs claim that, not surprisingly, customers, such as the Class Representatives, continued to experience painful scalp burning from using the Amla Kit even when using the scalp protector.  Plaintiffs contend that, in post-commercialization testing, however, L'Oréal again failed to test the Amla Kit's relaxer cream with the scalp protector on the targeted audience of African American women, but instead tested it on the backs of White and Native American women (and men).

Plaintiffs' expert and chemist, Mr. Patrick Obukowho, conducted a scientific experiment to measure whether the Amla Kit's scalp protector protected skin and scalp from the dangerous relaxer cream.   Mr. Obukowho's experiment was as follows: Mr. Obukowho applied the scalp protector to a pH strip followed by the relaxer cream. Using another pH strip, he applied petroleum jelly, a standard scalp protector in the hair relaxer industry, followed by the relaxer cream.  Mr. Obukowho has testified that within minutes the pH strip with the Amla Kit's scalp protector turned green, signifying no protection from the relaxer cream, while the pH strip with the petroleum jelly did not turn color.

---

[1] In real time in internal documents, Defendants characterized the complaints as "significant" and "above threshold" but during the litigation they have characterized them as low.  Defendants have no grounds for claiming the complaint rates as low as they have not provided any comparison of the number of complaints to other hair relaxers.

Plaintiffs claim that Defendants' designated expert failed to perform any experiments replicating Mr. Obukowho's demonstrating he was wrong.  Further, Defendants' expert failed to do any alternative experiments to show the scalp protector did work.  Instead, L'Oréal employees performed an experiment (as shown in a video) that Plaintiffs contend appears highly manipulated to achieve their desired results. Plaintiffs have moved to strike such evidence pursuant to Rule 37 because the video was disclosed on the eve of trial and without providing Plaintiffs an opportunity to depose the L'Oréal employees.[2]

Defendants' Statement:[3]

L'Oreal contends that each of the class representatives did not observe the scalp protector statement at or before the time of purchase and purchased for other reasons unrelated to the scalp protector.  L'Oreal also contends that the plaintiffs, like many class members, either did not use the scalp protector at all, mixed it with another product of their own, and/or failed to follow the product instructions and warnings in multiple ways.  As a consequence, L'Oreal contends that Plaintiffs cannot show that the "Scalp Protector" statement in small print on the cartons' rear

---

[2] Plaintiffs contend that the cause of action for violation of Section 349 of New York's General Business Law was appropriately certified.  This Court also denied issue certification under Rule 23(c)(4) of any claims arising from personal injuries and notice of the Court's order on certification was posted on the case website at www.amlarelaxerclassaction.com.  Therefore, any consumers with personal injuries and their lawyers were aware that this suit will not adjudicate their rights.  Further, any judgment that is rendered only apply to the certified claim, not uncertified claims.  *See* 18 Wright & Miller, *et al.* Fed. Prac. & Proc. § 4413 (3d ed.) ("A judgment that expressly leaves open the opportunity to bring a second action on specified parts of the claim or cause of action that was advanced in the first cause of action should be effective to forestall preclusion."); *Cooper v. Fed. Res. Bank of Richmond*, 467 U.S. 867, 880 (1984) (holding that the class claim, which determined that the employer did not engage in a general practice of racial discrimination against employees, did not bar class members from filing subsequent civil rights actions for individual claims of discrimination against the employer during the same time period.).  Indeed, after the Court's initial class certification order, Defendants filed a petition for interlocutory review and said petition was summarily denied by the Second Circuit.  In terms of the notice plan, Defendants never challenged it on the grounds that it was based primarily on publication notice.

[3] The parties do not agree that these statements concern the proper scope of the trial or a true overview of the admissible evidence.

caused them any economic injury, let alone that this statement caused them to pay more for the product than they otherwise would have paid had the statement not been present.

L'Oreal emphasizes that the sole injury these Plaintiffs claim individually or on the class's behalf is not scalp irritation or pain, it is not hair damage, and it is certainly not hair loss or humiliation.  Rather, they have fashioned an artificially narrow theory asserting simply that Plaintiffs and every class member somehow paid a price premium injury due to the "Scalp Protector" statement on the cartons' rear panels.[4]  L'Oreal contends that Plaintiffs cannot establish the existence of a price premium corresponding to the "Scalp Protector" statement because they have no evidence to show that the market price of the product would have been had the cartons not borne the "Scalp Protector" statement, let alone such evidence that reliably controls for all of exogenous variables totally unrelated to the "Scalp Protector" statement that pull retail prices for this product up or down.  For all the Plaintiffs' evidence shows, that but-for market price may have been higher, meaning that Plaintiffs and class members may actually

---

[4] Absent decertification, L'Oreal will wield the summary judgment it already obtained against the class, in addition to any further classwide judgment not overturned or decertified on appeal, as res judicata against class members for any and all later claims that relate to this product under New York's transactional approach to claim preclusion, including all such claims for personal injuries Plaintiffs have variously described as "disturbing," "distressing," and "extensive."  *E.g.*, dkt. 143 at 9, n. 8; dkt. 129 at 1; dkt. 132 at 10; *Matter of Josey Goord,* 9 N.Y.3d 386, 389-390 (N.Y. 2007); *Small v. Lorillard Tobacco Co.*, 679 N.Y.S.2d 593, 601 (N.Y. App. Div. 1998) (section 349 economic class "will preclude" "more lucrative damages claims for personal injury" from same deceptive transaction) (affirmed at *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 54-55 (N.Y. 1999).

L'Oreal notes that, in its ruling on L'Oreal's decertification motion, the Court set aside this issue by finding that, despite numerous now-settled individual claims of personal injury in this litigation, no other New York class member had yet undertaken to file individual claims about this product, from which the Court inferred that few, if any, class members' individual personal injury or emotional distress claims would ever be forthcoming upon decertification. Dkt. 244 at 15.  Yet, L'Oreal notes that, in the same section of its order, the Court also deemed the notice plan sufficient (despite Plaintiffs' neglect of the notice website and their abandonment of efforts to identify class members once the Court granted certification).  *Id.* at 16-18.  L'Oreal contends that the Court's ratification of the notice plan means that would-be individual claimants and the personal injury attorneys with whom they are consulting are aware of the res judicata bar erected by this lawsuit and behaving accordingly.  L'Oreal contends that, by leaving this case certified, the Court is making the choice for them.

have gotten a discount depending on what prices they each individually paid.  In the same way, L'Oreal contends that, if Plaintiffs nevertheless paid a price premium due to the "Scalp Protector" statement, that they lost the value of that premium as a consequence of their own misuse of the product, rather than as a consequence of any violation of section 349 by L'Oreal.

Furthermore, L'Oreal notes that there have only been approximately 200 complaints that could even possibly have traced to the scalp protector in the five-year class period  against roughly 500,000 units sold of this product across the nation, which demonstrates that the product is safe and that any unmet expectations were purely a consequence of individual issues like failure to heed the safety warnings or properly follow the application instructions.

L'Oreal contends that its scalp protector and the Relaxer were subject to robust testing, and, as this Court has already found, that the evidence was too feeble to permit even the raising of a minimal dispute of fact for trial regarding any allegation that the Relaxer cream is defective or unreasonably dangerous.    L'Oreal also contends that Plaintiffs' expert, Patrick Obukowho, did nothing more than perform a junk science test at his office that cannot be replicated. No one else, let alone an independent party was present for his testing and no lab has verified the efficacy of the test or duplicated its result.  By comparison, L'Oreal's chemists performed a battery of industry-recognized tests to confirm that the protectant worked.  Moreover, the same protectant and another similar one has been used with other L'Oréal relaxers for years without incident.

L'Oreal contends that it would violate due process to award aggregate $50 penalty for an unquantifiable alleged price premium injury that may be as trivial as a fraction of one cent, in connection with a product that costs only a small fraction of $50, and which product this Court has already found to have undisputed value (by way of the Court's summary judgment order

discarding Plaintiffs' bygone "full refund" damages model). L'Oreal further contends that such an aggregation procedure is a fluid recovery against the law of the Second Circuit. *McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 232 (2d Cir. 2008) ("[r]oughly estimating gross damages to the class as a whole…would inevitably alter defendants' substantive right to pay damages reflective of their actual liability"). L'Oreal maintains also that such a procedure would strip L'Oreal of its due process right to present individual defenses, including whether each class member actually purchased the product, whether each class member was exposed to the "Scalp Protector" statement, whether each class member actually paid more than the market price she would otherwise have paid absent the "Scalp Protector" statement, whether a defect in the scalp protector manifested for each class member, and whether each class member lost the value of any alleged price premium due to her own misuse and neglect of the product's safety warnings and application instructions. *Id.* at 232 ("actual injury cannot be presumed, and defendants have the right to raise individual defenses against each class member").

L'Oreal further contends that all of the above due process issues are magnified and worsened by the fact that the complaint (dkt. 90) does not plead any scalp protector defect, least of all the one Obukowho alleges, and that there are no claims properly before the Court predicated on a supposed scalp protector deficiency.

Finally, L'Oreal maintains its firm position that Plaintiffs' case is not suited for classwide treatment.

**(ii)   PARTICULARIZED DESCRIPTION OF PLAINTIFFS' REMAINING CLAIMS:**

The only remaining claim for trial is for Defendants' violation of New York's General Business Law, §§ 349 by Class Representative Plaintiffs Jennifer Sanon, Jasmin Hervey, and Sandi Turnipseed on behalf the certified class defined as all persons who bought the Amla

6

Legend Rejuvenating Ritual, No-Mix, No-Lye Relaxer in the State of New York on or August

19, 2013. Plaintiffs seek statutory and punitive damages as allowed by law.

**(iii)** **STATEMENT OF THE SPECIFIC FACTS, STIPULATIONS, ADMISSIONS, AND OTHER MATTERS ON WHICH THE PARTIES AGREE:**

None.

**(iv)** **EACH PARTY'S PARTICULARIZED CONTENTIONS AS TO THE SPECIFIC FACTS THAT ARE DISPUTED**

Plaintiffs' Statement

1.      Defendants are responsible for the sale and marketing of the Amla Legend

Rejuvenating Ritual No-Mix, No-Lye Relaxer ("Kit" or "Amla Kit").

2.      The Amla Kit was available for sale to consumers in January 2013.

3.      The Amla Kit was sold in the State of New York.

4.      The Amla Kit was a new product for Defendants.

5.      During the Class Period, the Amla Kit had the following material representations:

- Amla Legend Rejuvenating Ritual

- With Amla Oil from India

- Optimum Salon Haircare unveils its 1st Rejuvenating Ritual for your hair,

infused with a legendary Indian beauty secret: Amla Oil.  Amla is derived from the Amla

Superfruit, and is known as a powerful anti-oxidant, rich in vitamins and minerals, and renowned

for its natural rejuvenating properties of intense nourishment and conditioning.  Experience the

LEGENDARY POWER of AMLA OIL!

6.      The Amla Kit was a "5 Step Ritual," and represented that it contained the

following components:

- Scalp Protector

- No-Mix, No-Lye Relaxer Base ("Relaxer Cream")

- Neutralizing Shampoo

- Conditioner

- Oil Moisturizer

7.    Consumers interpret the claim "No-Lye," to mean it is "less harsh on your hair," "more safe to use," and "less likely to be harmful to your scalp and hair."

8.    Consumers interpret "AMLA LEGEND REJUVENATING RITUAL," and "WITH AMLA OIL" to mean the Amla Kit would "make your hair healthier and stronger," and would "use Amla oil to help condition and nourish your hair."

9.    The representations and claims on the Amla kit were false and/or misleading and material.

10.    Purchasers are six more times likely to buy a safer hair relaxer with a longer processing time than a less safe product with shorter processing times (83.3% compared to 13.8%).

11.    The Scalp Protector had a standardized formula from inception to the present.

12.    The Relaxer Cream had a standardized formula from inception to the present.

13.    The target group for the Amla Kit was African American women.

14.    The Amla Kit's Relaxer Cream used lithium hydroxide with the added patented pro-solvent technology that increased the fast penetration of lithium hydroxide.

15.    Defendants used a conventional amount of lithium hydroxide in the Amla Kit's Relaxer Cream.

16.    Defendants did not develop a scalp protector specifically for the Amla Kit and its Relaxer Cream.

17.    The Amla Kit is not suitable for use on children.

18.     Consumers using the Amla Kit must wear gloves.

19.     Consumers are advised to use the Scalp Protector before applying the Relaxer Cream.

20.     84.1% of consumers believe that No-Lye relaxers should be put on hair after applying relaxer.

21.     The Scalp Protector formula that Defendants included with the Amla Kit was from SoftSheen-Carson's Dark and Lovely Beautiful Beginnings hair relaxer for children.

22.     Before launching the Amla Kit in January 2013, Defendants did not conduct laboratory testing on African American women to ensure that the Amla Kit's Scalp Protector protected skin and scalp from the Relaxer Cream.

23.     Defendants' practice is to place into the market products with claims that have not been substantiated.

24.     Defendants received complaints from consumers about scalp burning, skin irritation and hair breakage/loss.

25.     Defendants changed the labeling of the Amla Kit to address scalp burning.

26.     The Scalp Protector does not protect the skin and scalp from the Relaxer Cream.

27.     The Relaxer Cream can cause skin/scalp burning, irritation and injury if the Scalp Protector is ineffective.

28.     Plaintiffs and Class members were injured as a result of Defendants' practices.

29.     A material part of the purchase price of the Amla Kit was the scalp protector and therefore Plaintiffs and Class members paid a price premium for the scalp protector.

30.     The damages to the Class are $50 per unit sold in the State of New York during the Class Period.

31.     From August 19, 2013 through February 28, 2018 (the ending date of notice), at least 18,716 units of the Amla Kit were sold in the State of New York.

Defendants' Statement

1.      Not all Plaintiffs or class members saw the "Scalp Protector" statement at or before purchase, which only appears on the cartons' rear panel, defeating causation.

2.      Online sales of this product during the class period included sales conduct via web vendors whose websites did not display the rear panel of the cartons where appears the sole remaining basis of alleged liability, the "Scalp Protector" statement.  Any such consumers could not even have been exposed to the "Scalp Protector" statement at or before purchase.

3.      The scalp protector in the Relaxer product works properly, is not defective, and protects users who follow the product's application instructions and heed its safety warnings.

4.      The scalp protector is supported by robust and adequate testing.

5.      Plaintiffs have never identified and cannot identify any chemical defect in the scalp protector formula.

6.      There is no evidence, only Obukowho's speculation, that it is "possible" that the scalp protector somehow produces a grease.

7.      There is no evidence that such a grease would be dangerous, cause the scalp protector to fail, or perform itself any less effectively than adequate scalp protection.

8.      A human scalp is not a pH test strip.

9.      Plaintiffs cannot show that any alleged problem with the scalp protector caused more than a *de minimis* and legally meaningless increase in scalp injury or its risk.

10.     Only a tiny fraction of Relaxer users have ever reported a complaint of *any* variety to L'Oreal, despite the printing of L'Oreal's consumer affairs telephone hotline on every

carton and on the product's instructions.

11.     Of the tiny number of complaints of any variety, only an even more trivial subset sliver relate to matters that could even possibly trace to the scalp protector, even before considering which of these complaint were prompted by consumer misuse or failure to even apply the scalp protector.

12.     No reasonable consumer in Plaintiffs' circumstances would be misled or deceived by the product's labeling.  (The Court has decertified every theory relating to all challenged labeling statements except "Scalp Protector" due to Plaintiffs' lack of evidence by which to attempt to establish the classwide existence of a price premium injury corresponding to those statements.  Dkt. 244.)

13.     Plaintiffs cannot establish that a reasonable consumer would be misled or deceived by the product's labeling in the circumstances of each class member.  (The Court has decertified every theory relating to all challenged labeling statements except "Scalp Protector" due to Plaintiffs' lack of evidence by which to attempt to establish the classwide existence of a price premium injury corresponding to those statements.  Dkt. 244.)

14.     The three versions of the packaging carton and two versions of the application instructions varied in material ways.

15.     The packaging cartons and interior instructions conveyed adequate safety warnings.

16.     Plaintiffs' expert contends that the product's propensity to cause scalp issues varied from one batch to the next as a function of shelf-time-dependent crystallization.

17.     Users of chemical hair relaxers typically have considerable experience with the products.

18.     Users of no-lye hair relaxers understand and appreciate the safety risks of chemical hair relaxation.

19.     L'Oreal did not represent that the Relaxer is or would be safer, less harsh, or gentler than other hair relaxers.  (This theory has been decertified due to Plaintiffs' inability to demonstrate a classwide price premium injury associated with this alleged messaging. Dkt. 244.)

20.     This product is a "no-lye" relaxer.  (Any theory relating to this labeling statement has been decertified due to Plaintiffs' inability to demonstrate a classwide price premium injury associated with the statement. Dkt. 244.)

21.     Plaintiffs did not pay a price premium caused by the "Scalp Protector" statement and have no evidence by which to attempt such a showing.

22.     Plaintiffs cannot establish that every class member paid a price premium caused by the "Scalp Protector" statement.

23.     Many class members substituted their own scalp protection products in place of this scalp protector, observing habits developed over years or decades of hair relaxer use.  This scalp protector's entire presence or absence could not have mattered to the prices paid by such consumers, let alone the small "Scalp Protector" statement on the cartons' rear.

24.     The "Scalp Protector" statement may actually have driven down the Relaxer's prices.

25.     The Relaxer's retail prices varied enormously, by at least 100%, from $5.50 or less to $13.14 or more, with the added complication of coupons and discounts.

26.     Any number of exogenous variables having nothing to do with the "Scalp Protector" statement affect the prices of consumer products like this Relaxer.  Plaintiffs have no evidence by which to control for these variables to isolate any price premium paid as a

consequence of the "Scalp Protector" labeling statement.

27.     Plaintiffs cannot establish that all Relaxer purchasers paid a price premium, nor do they have evidence with which to measure any price impact of the "Scalp Protector" statement, nor even to establish whether any such price impact was positive or negative.

28.     Plaintiffs lack evidence necessary to apply any classwide damages model dependent upon quantities sold, because they cannot establish that figure for the State of New York.

29.     Consumers purchased the Relaxer for any variety of reasons unrelated to the product's labeling statements, as unique as each individual.

30.     Plaintiff Sanon purchased the Relaxer for multiple reasons unrelated to the statements challenged in the complaint.

31.     Plaintiff Sanon misused the Relaxer.

32.     Plaintiff Turnipseed purchased the Relaxer for multiple reasons unrelated to the statements challenged in the complaint.

33.     Plaintiff Turnipseed misused the Relaxer.

34.     Plaintiff Hervey purchased the Relaxer for multiple reasons unrelated to the statements challenged in the complaint.

35.     Plaintiff Hervey misused the Relaxer.

36.     Plaintiff Hervey purchased the Relaxer more than once.

37.     Plaintiffs cannot establish that no actual consumers would have purchased the Relaxer if they knew the truth as Plaintiffs see it, especially because most consumers of relaxers appreciate and accept the safety risks.

38.     Plaintiffs cannot establish that a defect manifested for every class member.

39.     The Relaxer performs its essential purpose of relaxing or straightening naturally curly or kinky hair.

40.     In Plaintiffs' telling, the product's alleged dangerous unfitness was readily apparent to them on the Internet.

(v)     **A PARTICULARIZED STATEMENT OF THE INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND/OR DAMAGES CLAIMED (INCLUDING AMOUNTS) FOR EACH CLAIM**

Plaintiffs seek statutory damages of $50 pursuant to New York's General Business Law, § 349 for each unit sold of the Amla Legend Rejuvenating Ritual No-Mix, No-Lye Relaxer on or after August 19, 2013.  Plaintiffs allege that at least 18,716 units were sold through the end of the notice period of February 28, 2018.  Plaintiffs also seek punitive damages.  *See Barkley, et al. v. Olympia Mortgage Company,* Case No. 12-2909-cv (2d Cir. Jan. 30, 2014).

(vi)    **LIST OF THE NAMES OF THE WITNESSES (BOTH FACT WITNESSES AND EXPERT WITNESSES) THAT EACH PARTY INTENDS TO CALL, IN THE LIKELY ORDER OF APPEARANCE:**

List of witnesses that Plaintiff intend to call at trial:

|     | NAME | OBJECTIONS, IF ANY |
| --- | --- | --- |
| 1. | Jennifer Sanon | No objection |
| 2. | Sandi Turnipseed | No objection |
| 3. | Barbara Mitchell, c/o Defendants [As Defendants' corporate Rule 36(b) designee and in her personal capacity] | Objection to characterization of a trial witness as a Fed.R.Civ.P. 30(b)(6) witness as there is no such thing |
| 4. | Erin DeVincenzo, c/o Defendants | No objection |
| 5. | Benedicte de Villenueve, c/o Defendants | Relevance, Waste of Time |
| 6. | Patrick Obukowho, Plaintiffs' expert | Daubert, See Dkt. 255; Relevance, Confusion, Waste of Time, See Omnibus MIL, Dkt. 262, Section I. |
| 7. | J. Mike Dennis, Ph.D., Plaintiffs' expert | Daubert, See Dkt. 249; Relevance, Confusion, Waste of Time, See Omnibus MIL, Dkt. 262, Section I. |
| 8. | Angela Rutherford, c/o Defendants | No objection |

| 9. | Colin Weir, Plaintiffs' expert | Daubert, See Dkt. 258; Relevance, Multiple Hearsay, Foundation, Authentication, See Omnibus MIL, Dkt. 262, Sections I and III; Failure to Comply with Rule 26(a)(2) and this Court's Scheduling Orders |
| 10. | Jasmin Hervey | No objection |

**May-Call Witnesses:**

| | NAME | OBJECTIONS, IF ANY |
|---|---|---|
| 1. | Laetitia Raoust, c/o Defendants | Relevance, Waste of Time, Cumulative, Information Available From Other Sources |
| 2 | Nicole Fourgoux, c/o Defendants | Relevance, Waste of Time, Cumulative, Information Available From Other Sources |
| 3. | Patricia Cumberland<br>c/o Defendants | Relevance, Waste of Time |

List of witnesses that Defendants intend to call at trial:

| | NAME | OBJECTIONS, IF ANY |
|---|---|---|
| 1. | Barbara Mitchell | No objection |
| 2. | Erin DeVincenzo | No objection |
| 3. | Angela Rutherford | No objection |
| 4. | Benedicte deVillenueve | No objection |
| 5. | Kwana Patterson | Relevance, Untimely fact and expert witness disclosure, Prejudice.  See Dkt. 285 (Plaintiffs' MIL No. 11). |
| 6. | Danielle Kadish | Relevance, Waste of Time, Untimely disclosure, Prejudice. See Dkt. 285 (Plaintiffs' MIL No. 11). |
| 7. | Angela Ellington | No objection |
| 8. | James Cooper | Relevance, Waste of Time, Untimely disclosure, Prejudice. See Dkt. 285 (Plaintiffs' MIL No. 11). |
| 9. | Willie Mae Carter | Relevance, Waste of Time, Untimely disclosure, Prejudice. See Dkt. 285 (Plaintiffs' MIL No. 11). |
| 10. | Yvonne Cegers | Relevance, Waste of Time, |

| | | Untimely disclosure, Prejudice. See Dkt. 285 (Plaintiffs' MIL No. 11). |
|---|---|---|
| 11. | Judith Davis | Relevance, Waste of Time, Untimely disclosure, Prejudice. See Dkt. 285 (Plaintiffs' MIL No. 11). |
| 12. | Patricia Edwards | Relevance, Waste of Time, Untimely disclosure, Prejudice. See Dkt. 285 (Plaintiffs' MIL No. 11). |
| 13. | Stephania Edward | Relevance, Waste of Time, Untimely disclosure, Prejudice. See Dkt. 285 (Plaintiffs' MIL No. 11). |
| 14. | Edie Haney | Relevance, Waste of Time, Untimely disclosure, Prejudice. See Dkt. 285 (Plaintiffs' MIL No. 11). |
| 15. | Barbara E. James | Relevance, Waste of Time, Untimely disclosure, Prejudice. See Dkt. 285 (Plaintiffs' MIL No. 11). |
| 16. | Alice Lampkins | Relevance, Waste of Time, Untimely disclosure, Prejudice. See Dkt. 285 (Plaintiffs' MIL No. 11). |
| 17. | Johnny Wright | Relevance. |
| 18. | Jennifer Sanon | No objection |
| 19. | Sandi Turnipseed | No objection |
| 20. | Jasmin Hervey | No objection |
| 21. | Mort Westman (expert) | Relevancy, Confusion, Misleading, fails under Daubert |
| 22. | Jonathan Clark (expert) | Relevancy, Confusion, Misleading, fails under Daubert |
| 23. | Larry Chiagouris (expert) | Objection, Relevance, Waste of Time, Cumulative, fails under Daubert. |
| 24. | Jonathan Hibbard (expert) | Daubert, See Dkt. 287 Plaintiffs' MIL No. 10); Relevance, Confusion, Waste of Time. |
| 25. | Winn Soldani (expert) | Relevancy, Confusion, Misleading, Speculation, Waste of Time, fails under Daubert |

**(vii)   LIST OF ALL EXHIBITS TO BE OFFERED BY EACH PARTY AND OBJECTIONS:**

Plaintiffs' Statement:

Plaintiffs intend to offer the following Exhibits in their case in chief, or as the need arises:

| Plf. Ex. No. | Bates Range / Depo Ex. / ECF Dkt. No. | Description | Objection |
|---|---|---|---|
| **P- 1.** | United States Patent Application Publication No. US 2010/0158845A1 dated 6/24/10 | Mitchell Depo. Ex. 26; Ellington Depo. Ex. 15 | Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| **P- 2.** * | Test Report re Sensory Properties of an Improved Optimum Amla Lithium Hydroxide Relaxer vs. Optimum Care No Lye Relaxer Report dated 6/6/12 | LOREAL001019—001031 | Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| **P- 3.** * | TKL Research Repeated Insult Patch Test dated 5/4/11 | LOREAL-ESI-00014571—00014625 | No objection |
| **P- 4.** * | Harrison Research Laboratories, Inc.'s Final report – Hair Relaxer Use Test dated 11/3/11 | LOREAL-ESI-00014558—00014570 | No objection |
| **P- 5.** * | Media Strategy and Plan Development (Request for Proposal) for 2012-13 | LOREAL-ESI-00007992—00007992_00011 [Mitchell Depo. Ex. 15; Ellington Depo. Ex. 1] | Undue Prejudice, Relevance, Confusion, Waste of Time |
| **P- 6.** * | ESKO Document 1643660 re Amla Legend Name on Relaxer Tub with comments dated 6/13/12 | Mitchell Depo. Ex. 8 | Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| **P- 7.** * | ESKO Document 1643677 re Relaxer Packaging with comments dated 6/28/12 | Mitchell Depo. Ex. 9; DeVilleneuve Depo. Ex 8 | No objection |
| **P- 8.** * | ESKO Document 1643677 re Relaxer Packaging & Claim "With Amla Oil from India" with comments dated 7/11-12/12 | Ellington Depo. Ex 10; DeVilleneuve Depo. Ex 7 | Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |

| Plf. Ex. No. | Bates Range / Depo Ex. / ECF Dkt. No. | Description | Objection |
|---|---|---|---|
| **P- 9. ** * | ESKO Document 1643677 re Relaxer Kit Packaging and Claim "With Amla Oil from India" with comments dated 7/25/12 | Ellington Depo. Ex 9 | Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| **P- 10. ** * | ESKO Document 1643684 re Amla Instructions with comments dated 7/13-17/12 | LOREAL-ESI-00010838—00010838_00001 [DeVilleneuve Depo. Ex. 6] | Undue Prejudice, Relevance, Confusion, Waste of Time |
| **P- 11. ** * | ESKO Document 1643721 re Amla Packette with comments dated 6/12/12 & 6/19/12 | LOREAL-ESI-00010888 [DeVilleneuve Depo. Ex. 12] | Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt.262, Omnibus MIL, Section I |
| **P- 12. ** * | ESKO re Amla Packaging with comments dated 5/24/12 | LOREAL-ESI-00009447—00009453 [DeVilleneuve Depo. Ex. 14] | Relevance, Confusion, Waste of Time. This is not the document described and does not concern the Scalp Protector or even the Relaxer |
| **P- 13. ** * | Test Report re Sensory Properties of an Improved Optimum Amla Lithium Hydroxide Relaxer vs. Organic Root Stipulator Olive Oil Relaxer dated 8/7/12 | LOREAL000955—000967 | Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| **P- 14. ** * | RCTS, Inc. Single Patch Test – Hair Coloring Products, Hair Permanent Relaxing or Straightening Investigational Products (Summary of Comparison of Sequence 1 with Sequence 3 and Sequence 5) dated 8/23/12 | LOREAL-ESI-00014528—14557 | No objection |
| **P- 15. ** * | TKL Research Repeated Insult Patch Test dated 8/10/12 | LOREAL-ESI-00014483—00014527 | Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| **P- 16. ** * | Email chain between O. Blayac, F. Legrand, T. Stewart, and A. Ellington re Amla Dossier last dated 8/27/12 | LOREAL-ESI-00016578—00016578_00001 | Foundation, Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |

| Plf. Ex. No. | Bates Range / Depo Ex. / ECF Dkt. No. | Description | Objection |
|---|---|---|---|
| P- 17. * | Test Report re Sensory Properties of Optimum Amla Lithium Hydroxide Relaxer vs. Restore Plus Lithium Hydroxide Relaxer dated 9/26/12 | LOREAL-ESI-00014872-00014884 | Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| P- 18. * | Amazon link to SoftSheen-Carson Restore Plus Relaxer Conditioner Cream & Neutralising Shampoo | ECF Dkt. 180-41 | Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| P- 19. * | Email from F. Legrand to O. Blayac, N. Fourgoux, G. Densk, J. Corless re Amla dated 10/17/12 with attachment of AmlaUnderstanding.pdf | LOREAL-ESI-00016188—00016189 | Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| P- 20. * | Email chain between F. Legrand, O. Blayac, N. Fourgoux, G. Densk, J. Corless re Amla last dated 10/18/12 | LOREAL-ESI-00016680 | Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| P- 21. | SSC Optimum Amla Oil Concept / Product Test: Final Report – concept / Product Results C4120 dated 11/12 | L'OREAL000387—000657 [Mitchell Depo. Ex. 14] | No objection |
| P- 22. * | Test Report re Sensory Properties of Aged Optimum Amla Lithium Hydroxide Relaxer with a Lower Viscosity vs. New Optimum Amla Lithium Hydroxide Relaxer dated 11/29/12 | L'OREAL001032—001044 | Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| P- 23. * | Test Report re Sensory Properties of Optimum Amla Lithium Hydroxide Relaxer (Industrial Pilot) vs. Bantu No Base Relaxer dated 2/8/13 | L'OREAL000980—000992 [Mitchell Depo. Ex. 25] | Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |

| Plf. Ex. No. | Bates Range / Depo Ex. / ECF Dkt. No. | Description | Objection |
|---|---|---|---|
| P- 24. * | Email chain between N. Fourgoux, O. Blayac, E. Cast, and G. Densk re Amla: PR & Internet last dated 1/24/13 | LOREAL-ESI-00018694— 00018694_00001 | Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| P- 25. * | Amla Relaxer Blind Claim Test: Final Report C41214 dated 2/13 | L'OREAL000362— 000386 [Mitchell Depo. Ex. 13] | No objection |
| P- 26. * | February 2013 Lab Meeting Minutes dated 2/13/13 | LOREAL-ESI-00016390— 00016390_00002 | Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| P- 27. * | Test Report re Sensory Properties of Optimum Amla 2.6% Lithium Hydroxide Relaxer vs. Optimum Amla 2.95% Lithium Hydroxide Relaxer dated 4/18/13 | L'OREAL000943— 000954 | Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| P- 28. * | Email chain between N. Fourgoux, M. Jefferson, J. Corless, K. Smith, D. Smith, and K. Cuffe re Amla before and after photo's dated 4/8/13 | LOREAL-ESI-00016119— 00016119_00001 | Doctrine of Completeness, Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| P- 29. * | Email chain between K. Mason, F. Ferguson, D. Bonterre, N. Fourgoux, D. Wade, D. Smith, F. Legrand, and E. Bone re Amla Relaxer Perforamnce – Caribbean last dated 4/15/13 | LOREAL-ESI-00016824— 00016824_00002 | Multiple Hearsay, Foundation, Authentication, Relevance, Unfair Prejudice, Confusion, See Dkt. 262, Omnibus MIL, Section I |
| P- 30. * | Test Report re Sensory Properties of Optimum Amla 2.6% Lithium Hydroxide Relaxer vs. Optimum Amla 2.95% Lithium Hydroxide Relaxer- Retest dated 7/15/13 | L'OREAL001007— 001018 | Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |

| Plf. Ex. No. | Bates Range / Depo Ex. / ECF Dkt. No. | Description | Objection |
|---|---|---|---|
| **P- 31.** * | Test Report re Sensory Properties of Optimum Amla 2.6% Lithium Hydroxide Relaxer vs. Optimum Amla 2.95% Lithium Hydroxide Relaxer on a Non-Expert Panel dated 9/24/13 | L'OREAL001045—001060<br><br>[Mitchell Depo. Ex. 24] | Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| **P- 32.** * | Test Report re Sensory Properties of Optimum Amla 2.4% Lithium Hydroxide Relaxer vs. Optimum Amla 2.95% Lithium Hydroxide Relaxer dated 8/26/13 | L'OREAL000968-000979 | Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| **P- 33.** * | Email chain between F. Cervantes and C. Patton re Amla Relaxer dated 7/12/13 | LOREAL-ESI-00010753—00010753_00001 | No objection |
| **P- 34.** * | Email chain between J. Corless, N. Fourgoux, E. Bone, F. Cervantes, A. Ellington, C. Washington, J. Puco, T. Plater, K. Smith, S. Bertner-Moatti, SoftSheen-Carson Master Calendar, G. Densk, O. Blayac, M. DeGeorge, A. Ang, S. Millet, and R. Diop-Awad re SSC Lab Meeting last dated 7/16/13 with attachment of SoftSheen-Carson July 2013 Lab Meeting Chart | LOREAL-ESI-00017811—00017812_00001 | Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| **P- 35.** * | Email chain between E. Cast, A. Seidman, N. Fourgoux, and P. Rallis re WWD Ran! And WWD Tomorrow – Quote Approval last dated 7/26/13 | LOREAL-ESI-00016664—00016664_00002 | Relevance, Confusion, Waste of Time |

| Plf. Ex. No. | Bates Range / Depo Ex. / ECF Dkt. No. | Description | Objection |
|---|---|---|---|
| P- 36. * | Email chain between N. Fourgoux, E. Cast, M. Roxas, and D. Leonard re Rev Amla Styling & Black Oil Color last dated 10/9/13 | LOREAL-ESI-00015948—00015948_00001 | Relevance, Confusion, Waste of Time |
| P- 37. * | Email from J. Corless to N. Fourgoux and S. Bertner-Moatti re DMI US Oct Status dated 10/10/13 with attachment Status of All 2014-15 Projects | LOREAL-ESI-00017512—00017513_00004 | Relevance, Confusion, Waste of Time, *See* Omnibus MIL Section I |
| P- 38. * | Email chain between N. Fourgoux, E. Cast, B. Rosenberg, K. Lowell, M. Brooks, E. Cast, L. McAnuff, J. Corless, D. Leonard, and A. Scherier re Amla Early Trier Study Final Report last dated 11/11/13 and attachment of Amla Early Trier Study dated November 2013 | LOREAL-ESI-00016947—00016948 | No objection |
| P- 39. * | Test Report re Sensory Properties of Optimum Amla 2.6% Lithium Hydroxide Relaxer vs. Optimum Amla 2.95% Lithium Hydroxide Relaxer dated 1/13/14 | L'OREAL000993—001006 | Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| P- 40. * | Email chain between L. Raoust, K. Smith, A. Ellington, E. Devincenzo, and CCC Corporate Reporting-Management re Consumer Care Center – November 2013 CPD Executive Report – Confidential last dated 1/22/14 | LOREAL-ESI-00006022—00006022_00001 [Ellington Depo. Ex. 12] | Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| P- 41. | Email chain between L. Raoust, C. Bosse, K. Smith, and E. DeVincenzo re Amla Relaxer Consumer Issues last dated 3/3/14 | LOREAL-ESI-00010356—00010356_00002 [DeVincenzo Depo. Ex. 3] | Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I, Subsequent Remedial Measure |

| Plf. Ex. No. | Bates Range / Depo Ex. / ECF Dkt. No. | Description | Objection |
|---|---|---|---|
| P-  42.  * | Email chain between L. Raoust, K. Smith, A. Ellington, E. DeVincenzo, and [NA] CCC Corporate Reporting-Management re Consumer Care Center – November 2013 CPD Executive Report – Confidential last dated 1/22/14 | LOREAL-ESI-00006022—00006022_00001 | Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I, Subsequent Remedial Measure |
| P-  43. | Email from E. DeVincenzo re Consumer Care Center – 2013 Year End CPD, Luxe, ACD, PPD Executive Report – Confidential dated 2/4/14 with attachment of Executive Report | LOREAL-ESI-00011582—00011597 | Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| P-  44. | Email chain between F. Cervantes, N. Fourgoux, A. Ellington, etc. re Consumer Care Center – 2013 Year End CPD, Luxe, ACD, PPD Executive Report – Confidential last dated 2/5/14 | LOREAL-ESI-00016697—00016697_00003 | Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| P-  45.  * | Email chain from L. Raoust to F. Cervantes, A. Ellington, C. Patton, and J. Krock re SSC Lab Meeting 2/7 – Agenda dated 2/6/14 with attachment of Jan 2014 Lab Meeting Minutes | LOREAL-ESI-00003100—00003101_00002 | Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| P-  46.  * | Email from E. DeVincenzo to CCC Corporate Reporting – Management re Consumer Care Center January 2014 Executive CPD Complaints – Confidential dated 3/10/14 | LOREAL-ESI-00011623—00011624 | Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I, Subsequent Remedial Measure |

| Plf. Ex. No. | Bates Range / Depo Ex. / ECF Dkt. No. | Description | Objection |
|---|---|---|---|
| P- 47. | LOREAL-ESI-00010365—00010365_00001 [Mitchell Depo. Ex. 32; Ellington Depo. Ex. 14] | Email chain between L. Raoust, N. Fourgoux, A. Ellington, K. Smith, F. Cervantes, R. Anih, R. Francois, T. Kearney, M. White, and N. Williams re SSC Lab Meeting – Meeting Notes last dated 4/11/14 with attachment of APR 2014 Lab Meeting Minutes | Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| P- 48. * | LOREAL-ESI-00016682—00016683_00027 | Email chain from L. Seibert to N. Fourgoux, M. Ryan, S. Davis, C. Ortiz-Tello, L. Raoust, R. Francois, and W. Rogers re IRI POS Relaxer Analysis 2014 with attachment of Adult Relaxer Kits YTD 9/7/2014 Performance dated October 2014 | Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| P- 49. * | LOREAL-ESI-00003065—00003065_00002 | Email chain between L. Raoust, J. Corless, K. Smith, and C. Bosse re Q3 Executive Report – Amla Relaxer; and Year End 2014 Executive Report – Amla Relaxer last dated 1/27/15 | Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| P- 50. * | LOREAL-ESI-00018533—00018534_00002 | Email chain between R. Francois, L. Raoust, N. Fourgoux, C. Castillo, F. Cervantes, R. Anih, I. Rashid, B. Mitchell, D. Rolins, K. Smith, C. Goget, J. Puco, N. Williams, and M. White, C. Levy re SSC Lab Meeting – Agenda last dated 11/11/14 with attachment of November 2014 Lab Meeting Minutes | Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section |

| Plf. Ex. No. | Bates Range / Depo Ex. / ECF Dkt. No. | Description | Objection |
|---|---|---|---|
| **P- 51. \*** | Email chain between D. Velkov, L. Lebarbanchon, M. Kanji, F. Cervantes, N. Fourgoux, and L. Raoust re R&I Evaluation Issue; and MCB Needs from Labs – Visit of L. Attal last dated 11/15/14 | LOREAL-ESI-00009211—00009211_00002 | Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| **P- 52. \*** | Email chain between M. Kanji, F. Cervantes, D. Velkov, S. Gadol, S. Habif, V. Derville, and N. Fourgoux re MCB Needs from Labs – Visit of L. Attal; and R&I Evaluation Issue last dated 11/14/14 | LOREAL-ESI-00009212—00009212_00001 | Undue Prejudice, Relevance, Confusion, Waste of Time, See 262, Omnibus MIL, Section I |
| **P- 53. \*** | Test Report: Sensory Properties of Super Detangling Lithium Relaxer Compared to Optimum Amla Relaxer dated 2/5/15 | LOREAL-ESI-00010585—00010585_00012 | Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| **P- 54. \*** | Email chain between P. Janvier, T. Gilmas, B. Mitchell, E. Li, K. Lee, A. Laurent, D. Allard, A. Mahadeshwar, L. Mirc, J. Wares, D. Dooley, A. Cavanaugh, and C. Saint-Denis re RM 53032 Petrolatum Replacement Action Plan last dated 2/4/15 | LOREAL-ESI-00010462—00010462_00002 [Mitchell Depo. Ex. 16] | Relevance, Confusion, Waste of Time |
| **P- 55. \*** | Email chain between N. Fourgoux, J. Corless, K. Smith, M. Ryan, C. Ortiz-Tello re Curly Nikki – Amla last dated 2/6/15 | LOREAL-ESI-00015942—00015942_00003 | Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |

| Plf. Ex. No. | Bates Range / Depo Ex. / ECF Dkt. No. | Description | Objection |
|---|---|---|---|
| P- 56. * | Email chain between B. Mitchell, A. Mahadeshwar, A. Suleiman, and A. Laurent, A. Potin re Tableau de Bord last dated 2/26/15 with attachment of Ethnic Dvpt Joint Expl Oct 2014 chart | LOREAL-ESI-00009802—00009803_00108 | Relevance, Confusion, Waste of Time |
| P- 57. * | Email from C. Dumais to CCC Corporate Reporting – Executive Team; CCC Corporate Reporting – Management; N. Karp McHugh, A. Plas, and A. Patel re 2014 Consumer Care Exec Report Confidential with attachment of Exec Report Q4 2014 Consumer Command Center | LOREAL-ESI-00018652—00018653_00017 [DeVincenzo Depo Ex. 4] | Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| P- 58. * | Email chain between B. Sijako, A. Mahadeshwar, B. Mitchell, and C. Kines re 53032 Replacement Reports dated 3/16/15 with attachment of PowerPoint page called Technical Performance – Virgin Hair. Short, Medium & Long Hair, Average to Coarse Density and Porosity | LOREAL-ESI-00011824—00011825 | Relevance, Confusion, Waste of Time, Subsequent Remedial Measure |

| Plf. Ex. No. | Bates Range / Depo Ex. / ECF Dkt. No. | Description | Objection |
|---|---|---|---|
| P- 59. * | Email chain between A. Mahadeshwar, D. Velkov, R. Weinkauf, J. Gichuri, S. Diridollou, L. Lebarbanchon, A. Adam, D. Agrawal, C. Bebot, C. Collaudin, V. Dairou, F. Flament, S. Karatas, G. Loussouarn, C. Muller, N. Nakano, A. Steel, V. Aveline, D. Batisse, C. Bredoux, A. Laurent, J. Ascione, F. Pataut, D. Allard, F. Legrand, A. Potin, Ca. Goget, B. Didillon, F. Pradier, and M. Kanji re R&I SSA Newsletter_1st Edition dated 4/2/15 with attachment of Sub-Saharan African R&I Newsletter | LOREAL-ESI-00010137—00010138_00006 [Ellington Depo. Ex. 4; Mitchell Depo. Ex. 17] | Relevance, Confusion, Waste of Time, concerns Africa market |
| P- 60. | Email from B. Mitchell to A. Mahadeshwar re Relaxer Technologies dated 5/1/15 with attachment of Relaxer Technologies chart | LOREAL-ESI-00010590 [Mitchell Depo. Ex. 18] | Doctrine of Completeness, Relevance, Confusion, Waste of Time |
| P- 61. | Email chain between B. Mitchell and D. Allard re Urgent Amla Legend Relaxer dated 7/1/15 with attachments of leaflet and pack from US Amla formula and Sensory Properties of Super Detangling Lithium Relaxer Compared to Optimum Amla Relaxer Report dated 2/5/15 | LOREAL-ESI-00010580—00010585_00012 [Mitchell Depo. Ex. 38] | Undue Prejudice, Relevance, Confusion, Waste of Time, Subsequent Remedial Measure |

| Plf. Ex. No. | Bates Range / Depo Ex. / ECF Dkt. No. | Description | Objection |
|---|---|---|---|
| P- 62. | LOREAL-ESI-00009952—00009956 | Email chain between B. Mitchell, A. Mahadeshwar, J. Corless, C. Ortiz-Tello, C. Walker, A. Mitchell, and A. Layden re Twitter Customer Complaint with attachment of photos posted on Twitter | Hearsay, Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Sections I and II |
| P- 63. * | LOREAL-ESI-00009936—00009938_00003 [Mitchell Depo. Ex. 43] | Email chain between B. Mitchell, D. Allard, H. Lee, J. Eason, C. Saint-Denis, B. Sijako, A. Mahadeshwar, A. Laurent, C. Bebot, C. Charlton, C. Adams, R. De Sousa, and H. Mathenjwa re Amla Legend Consumer Claims in France last dated 8/27/15 with attachments of Amla Complaint Report and Dark and Lovely Relaxer Complaint Report | Hearsay, Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Sections I and II |
| P- 64. * | LOREAL-ESI-00008667 [Mitchell Depo. Ex. 40] | Email chain between M. Soliman and B. Mitchell re Amla Relaxer – Hair Loss/Breakage Complaints: In-Vitro Testing Needed last dated 7/23/15 | Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| P- 65. * | LOREAL-ESI-00010586 | Meeting Invite with B. Mitchell, A. Mahadeshwar, R. Iancau, and E. De La Bandera set for 7/27/15 at 9:30 a.m. | Relevance, Confusion, Waste of Time |
| P- 66. * | LOREAL-ESI-00010576 [Mitchell Depo. Ex. 37] | Email chain between B. Mitchell, D. Allard, A. Laurent, K. Naidoo, C. Charlton, J. Eason, A. Mahadeshwar, S. Van Den Handel, C. Adams, and S. Hartshorne re Amla; and Amla Relaxer Cases last dated 7/28/15 | Hearsay, Relevance, Subsequent Remedial Measure |

| Plf. Ex. No. | Bates Range / Depo Ex. / ECF Dkt. No. | Description | Objection |
|---|---|---|---|
| **P- 67.** * | Email chain between M. Ryan, J. Corless, B. Mitchell, C. Bosse, A. Layden, C. Ortiz-Tello, and A. Mitchell re Amla Legend Complaints last dated 8/10/15 | LOREAL-ESI-00010440—00010440_00002 [Mitchell Depo. Ex. 41] | Doctrine of Completeness, Relevancy, Confusion, Waste of Time; *See* Omnibus MIL Section I |
| **P- 68.** * | Email chain between J. Corless, N. Fourgoux, M. Ryan, B. Mitchell, C. Bosse, A. Layden, C. Ortiz-Tello, and A. Mitchell re Amla Legend Complaints dated 7/28/15 | LOREAL-ESI-00016687 | Relevance, Confusion, Waste of Time, Subsequent Remedial Measure |
| **P- 69.** * | Email chain between R. Iancau, H. Lee, A. Mahadeshwar, B. Sijako, B. Mitchell, J. Gichuri, C. Bebot, A. Laurent, J. Eason, C. Charlton, C. Adams, R. De Sousa, H. Mathenjwa re Amla Legend Consumer Claims in France last dated 7/29/15 | LOREAL-ESI-00011819—00011821 | Relevance, Confusion, Waste of Time, Subsequent Remedial Measure |
| **P- 70.** * | Cover page titled, Link to ThePeople.com Article with PDF of compiled Product packaging images | LOREAL-ESI-00010408—00010408_00014 | Summary does not comply with FRE 1006, Relevance |
| **P- 71.** * | Email chain between M. Ryan, R. Kinnally, N. Fourgoux, and C. Ortiz-Tello re Potential Lawsuit: Amla Legend Relaxer last dated 6/6/16 with attachment of Amla Relaxer Claims.pdf | LOREAL-ESI-00010407 [Mitchell Depo. Ex. 19] | Hearsay, Attorney-Client Privilege, Subsequent Remedial Measure, Relevance, Undue Prejudice, Waste of Time; *See* Omnibus Motion in Limine, Sections I, II, III, and IV |
| **P- 72.** * | Email chain between M. Plitas, V. Weng, N. Fourgoux, M. Fox, and M. Plitas re Amazon/Amla dated 6/7/16 | LOREAL-ESI-00018731—00018731_00001 | Hearsay, Relevance, Undue Prejudice, Waste of Time; *See* Omnibus Motion in Limine, Sections I, II, III, and IV |

| Plf. Ex. No. | Bates Range / Depo Ex. / ECF Dkt. No. | Description | Objection |
|---|---|---|---|
| **P- 73.** * | Email chain between A. Mahadeshwar, B. Mitchell, A. Laurent, F. Cottard, C. Charlton, and S. Rai re Lawsuit: L'Oreal Hair Relaxer Caused Burns / WJBD / South Central Illinois' News Sports and Weather Station last dated 9/16/16 | LOREAL-ESI-00003970—00003970_00001 | Doctrine of Completeness, Subsequent Remedial Measures, Relevance, Undue Prejudice, Confusion, Waste of Time |
| **P- 74.** * | Email chain between A. Green and V. Srinivasan re Amla Privileged and Confidential dated 9/16/16 | LOREAL-ESI-00004426—00004426_00001 | No objection |
| **P- 75.** * | Email chain between E. Bowen, C. Bosse, and C. Stein re Amla Relaxers Inquiry last dated 9/16/16 with attachment of Amla Relaxer All Contacts 2013-9.15.16 spreadsheet | LOREAL-ESI-00000133—00000134_00013 | Undue Prejudice, Relevance, Confusion, Waste of Time, Hearsay; *See* Omnibus MIL Sections I, II, IV |
| **P- 76.** * | Email chain between A. Layden, A. Borelli, V. Srinivasan, and E. DeVincenzo dated 9/16/16 with attachments of Amla Legend No-Mix No-Lye Relaxer All Contacts Report | LOREAL-ESI-00018682—00018684_00009 [DeVincenzo Depo. Ex. 13] | Undue Prejudice, Relevance, Confusion, Waste of Time, Hearsay; *See* Omnibus MIL Sections I, II, IV |
| **P- 77.** * | Email chain between E. DeVincenzo, C. Tang, A. Borelli, A. Layden, M. Caratas-Perifan, V. Srinivasan, S. Dory, and H. Toutain re Urgent: Softsheen Carson last dated 9/16/16 | LOREAL-ESI-00010030—00010030_00002 | Doctrine of Completeness |
| **P- 78.** | Email from C. Dumais to E. DeVincenzo re Conversation with C. Dumais dated 9/21/16 | LOREAL-ESI-00004358—00004358_00001 [DeVincenzo Depo. Ex. 14] | Foundation, Authentication, Undue Prejudice, Hearsay; *See* Omnibus MIL Sections I, II, IV |

| Plf. Ex. No. | Bates Range / Depo Ex. / ECF Dkt. No. | Description | Objection |
|---|---|---|---|
| P- 79. * | Email chain between F. Roze, N. Fourgoux, M. Brousset, A. Perakis-Valat, and Google Alerts re Alerte Google: L'Oreal last dated 9/28/16 | LOREAL-ESI-00016428—00016428_00004 | Attorney-Client Privileged, Undue Prejudice, Relevance, Confusion |
| P- 80. * | Email from M. Caratas-Perifan to H. Toutain, P. Berthe, S. Martin, V. Srinivasan, and A. Borelli re Softsheen Carson Cosmetovigilance Data dated 9/16/16 | LOREAL-ESI-00004424—00004424_00001 | Undue Prejudice, Relevance, Confusion, Waste of Time |
| P- 81. * | Klinegroup Multicultural Beauty and Grooming Products U.S. Market Analysis and Opportunities Report published Oct. 2014 | LOREAL-ESI-00000959—00000959_00151 | Hearsay, Relevance, Confusion, Waste of Time |
| P- 82. | Email from P. Cumberland to S. Popat re Amla Relaxer Carton Artwork History dated 10/28/16 with artwork | LOREAL-ESI-00005317 [Mitchell Depo. Ex. 20] | Relevance, Confusion, Waste of Time, Subsequent Remedial Measure |
| P- 83. * | Email chain between N. Fourgoux and M. Brousset re MCB Q1 Sales Miss – Detailed Follow-Up last dated 2/26/17 | LOREAL-ESI-00017056—00017056_00002 | Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| P- 84. * | Email chain between M. Markey-Mason, B. Mitchell, and M. Chisholm re Relaxer Reformulations dated 4/27/17 | LOREAL-ESI-00010620 [Mitchell Depo. Ex. 46] | Doctrine of Completeness, Subsequent Remedial Measures, Relevance, Undue Prejudice, Confusion, Waste of Time |
| P- 85. | Email chain between C. Bosse, B. Mitchell, M. Mario, and A. Mahadeshwar re Relaxers Mild Strength last dated 6/1/17 | LOREAL-ESI-00010480—00010480_00001 [Mitchell Depo. Ex. 45] | Doctrine of Completeness, Subsequent Remedial Measures, Relevance, Undue Prejudice, Confusion, Waste of Time |

| Plf. Ex. No. | Bates Range / Depo Ex. / ECF Dkt. No. | Description | Objection |
|---|---|---|---|
| P- 86. * | Email chain between C. Mariconda, M. Markey-Mason, J. Ogunney, M. Chisholm, B. Mitchell, C. Demeulenaere, M. Youssef, F. Bernadin, L. Laplaine, T. Hachmeyer, D. Smith, P. Cumberland, C. Walker, T. Mpasa-Engwanda, et al. re Urgent: Hair Portfolio FLA SSC last dated 6/8/17 | LOREAL-ESI-00004388—00004388_00008 | Subsequent Remedial Measures, Relevance, Undue Prejudice, Confusion, Waste of Time |
| P- 87. * | Email chain between B. Mitchell, T. Hachmeyer, M. Markey-Mason, J. Ogunney, T. Hachmeyer, C. Demeulenaere, M. Youssef, F. Bernadin, L. Laplaine, D. Smith, C. Mariconda, P. Cumberland, M. Chisholm, M. Youssef, P. Aprigliano, D. Akerele, M. Johnson, et al. re Hair Portfolio FLA SSC last dated 6/8/17 | LOREAL-ESI-00009992—00009992_00007 | Subsequent Remedial Measures, Relevance, Undue Prejudice, Confusion, Waste of Time |
| P- 88. * | RCTS, Inc. Single Patch Test – Hair Coloring Products, Hair Permanent Relaxing or Straightening Investigational Products (Summary of Comparison of Sequence 1 with Sequence 3 and Sequence 5) dated 8/23/12 | LOREAL-ESI-00014528—14557 | No objection |
| P- 89. | Declaration of Patricia Cumberland in Opposition to Plaintiffs' Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel with Exs. 1-3 | ECF Dkts. 117; 117-1—117-3 | No objection |

| Plf. Ex. No. | Bates Range / Depo Ex. / ECF Dkt. No. | Description | Objection |
|---|---|---|---|
| P- 90. | Declaration of Patricia Cumberland in Opposition to Plaintiffs' Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel with Exs. 4-5 | ECF Dkts. 117; 117-4—117-5 | No objection |
| P- 91. | Launch Product Instructions and Revised Product Instructions | L'OREAL00001—00002 [Mitchell Depo. Exs. 22 & 23] | No objection |
| P- 92. | Product Warning Label | ECF Dkt. 191-6 or ECF Dkt. 171-1 | No objection |
| P- 93. | Formula for each component of the Product | L'OREAL000007; L'OREAL001227—L'OREAL001231 [Mitchell Depo Exs. 2-6] | No objection to scalp protector formula. Objection to formula of all other components: Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| P- 94. * | Photos of Plaintiff Hervey | AMLA-HERVEY 0001; 0002; 0004-0005 | Foundation, Authentication |
| P- 95. * | L'Oreal USA Consumer Care Center Case Details for Plaintiff Oravillo | LOREAL-ESI-00019962—00019965 | No objection |
| P- 96. * | Letters from Soft Sheen Carson to Plaintiff Oravillo dated 11/21/14 and 11/24/14 | AMLA ORAVILLO 0017—0018 | Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Sections I and II |
| P- 97. * | Plaintiff Sanon's Purchased Product Packaging | AMLA SANON 0003—0007 | No Objection |
| P- 98. * | Plaintiff Turnipseed's Receipt for Product Purchased at WalMart | AMLA TURNIPSEED 0007-0019 | No Objection |
| P- 99. | Expert Patrick Obukowho's photo of Scalp Protector pH test experiment | AMLA PLAINTIFFS 0001 | Daubert, See Dkt. 255; Relevance, Confusion, Waste of Time, See Omnibus MIL, Dkt. 262, Section I. |

| Plf. Ex. No. | Bates Range / Depo Ex. / ECF Dkt. No. | Description | Objection |
|---|---|---|---|
| P- 100. * | Wholesale Data | LOREAL-ESI-00015922—00015924 [Rutherford Depo. Ex. 3] | Multiple Hearsay, Foundation, Authentication, Relevance, Unfair Prejudice, Confusion; See Dkt. 262, Omnibus MIL, Section III |
| P- 101. * | IRI data obtained by Plaintiffs through subpoenas and produced to Defendants | | Multiple Hearsay, Foundation, Authentication, Relevance, Unfair Prejudice, Confusion; See Dkt. 262, Omnibus MIL, Section III; See Dkt. 258; Failure to Comply with Rule 26(a)(2) and this Court's Scheduling Orders |
| P- 102. * | Declaration of Angela Rutherford in Opposition to Plaintiffs' Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel | ECF Dkt. 123 [Rutherford Depo. Ex. 4] | No objection |
| P- 103. * | Consumer Reviews from Amazon.com re Softsheen Carson Optimum Amla Legend Relaxer retrieved on 7/3/17 | ECF Dkt. 107-1 [DeVincenzo Depo. Ex. 6] | Relevance, Multiple Hearsay, Foundation, Authentication, See Omnibus MIL, Dkt. 262, Sections I and III; Failure to Comply with Fed.R.Civ.P. 26(a)(2) and this Court's Scheduling Orders; witness and information never identified in response to discovery or FRCP 26(a)(1) and are still unidentified |
| P- 104. * | Email from A. Scanlan to A. Layden re Hair Breakage SOP dated 3/30/17 with attachment of SOP Hair Breakage Guidelines | LOREAL-ESI-00018606—00018608_00004 [DeVincenzo Depo. Ex. 8] | Undue Prejudice, Relevance, Confusion, Waste of Time; See Omnibus MOL Section I. |
| P- 105. | Consumer Care Center Case Details | L'OREAL000167—000358 [DeVincenzo Depo. Ex. 7] | Undue Prejudice, Relevance, Confusion, Waste of Time; See Omnibus MOL Sections I, II, and IV |
| P- 106. | Consumer Care Center Case Details | LOREAL-ESI-00018825—00020083 | Undue Prejudice, Relevance, Confusion, Waste of Time; See Omnibus MOL Sections I, II, and IV |

| Plf. Ex. No. | Bates Range / Depo Ex. / ECF Dkt. No. | Description | Objection |
|---|---|---|---|
| P- 107. | Consumer Affairs Case Details with Consumer Complaint Correspondence, Receipts, and Medical Bills | LOREAL001248—001898 | Undue Prejudice, Relevance, Confusion, Waste of Time; See Omnibus MOL Sections I, II, and IV |
| P- 108. * | Hair Breakage Guidelines | LOREAL-ESI-00008685—00008685_00002 | Undue Prejudice, Relevance, Confusion, Waste of Time; See Omnibus MOL Sections I, II, and IV |
| P- 109. * | Hair Breakage letter in BRAIN | LOREAL-ESI-00008686 | Undue Prejudice, Relevance, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| P- 110. * | Handling Health Related Contacts in CCC = Staff Procedures | LOREAL-ESI-00018810—00018810_00015 | Undue Prejudice, Relevance, Confusion, Waste of Time; See Omnibus MOL Sections I, II, and IV |
| P- 111. * | US Patent 9,198,494 B2 | ECF Dkt. 179-14 | Relevance, Unfair Prejudice, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section II |
| P- 112. * | US Patent 5,609,859 | ECF Dkts. 173-9 & 180-18 | Relevance, Unfair Prejudice, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section II |
| P- 113. * | Defendants' answers to Plaintiffs' Interrogatories | | No objection to answers regarding scalp protection, all objections reserved depending on attempted usage of individual interrogatories, subject to objections set forth in pleading; Objection for Undue Prejudice, Relevance, Confusion, Waste of Time for all other interrogatories, See Dkt. 262, Omnibus MIL, Section I |
| P- 114. * | Defendants' responses to Plaintiffs' First Request for Admission | | No objection to responses regarding scalp protection, all objections reserved depending on attempted usage of individual interrogatories, subject to objections set forth in pleading; Objection for Undue Prejudice, Relevance, Confusion, Waste of Time for all other responses, See Dkt. 262, Omnibus MIL, Section I |

| Plf. Ex. No. | Bates Range / Depo Ex. / ECF Dkt. No. | Description | Objection |
|---|---|---|---|
| P- 115. * | Defendants' responses to Plaintiffs' Request for Production of Documents | | No objection to responses regarding scalp protection, all objections reserved depending on attempted usage of individual interrogatories, subject to objections set forth in pleading; Objection for Undue Prejudice, Relevance, Confusion, Waste of Time for all other responses, See Dkt. 262, Omnibus MIL, Section I |
| P- 116. * | Defendants' supplemental response to Request for Production No. 13 | | No objection to responses regarding scalp protection, all objections reserved depending on attempted usage of individual interrogatories, subject to objections set forth in pleading; Objection for Undue Prejudice, Relevance, Confusion, Waste of Time for all other responses, See Dkt. 262, Omnibus MIL, Section I |
| P- 117. * | Plaintiff Turnipseed's responses and/or amended responses to Defendants' Interrogatories | | No objection to responses regarding scalp protection, all objections reserved depending on attempted usage of individual interrogatories; Objection for Undue Prejudice, Relevance, Confusion, Waste of Time for all other responses, See Dkt. 262, Omnibus MIL, Section I |
| P- 118. * | Plaintiff Sanon's responses and/or amended responses to Defendants' Interrogatories | | No objection to responses regarding scalp protection, all objections reserved depending on attempted usage of individual interrogatories; Objection for Undue Prejudice, Relevance, Confusion, Waste of Time for all other responses, See Dkt. 262, Omnibus MIL, Section I |

| Plf. Ex. No. | Bates Range / Depo Ex. / ECF Dkt. No. | Description | Objection |
|---|---|---|---|
| P- 119. * | Plaintiff Hervey's responses and/or amended responses to Defendants' Interrogatories | | No objection to responses regarding scalp protection, all objections reserved depending on attempted usage of individual interrogatories; Objection for Undue Prejudice, Relevance, Confusion, Waste of Time for all other responses, See Dkt. 262, Omnibus MIL, Section I |
| P- 120. * | Plaintiff Sanon's responses and/or amended responses to Defendants' Requests for Admission | | No objection to responses regarding scalp protection, all objections reserved depending on attempted usage of individual interrogatories; Objection for Undue Prejudice, Relevance, Confusion, Waste of Time for all other responses, See Dkt. 262, Omnibus MIL, Section I |
| P- 121. * | Plaintiff Turnipseed's responses and/or amended responses to Defendants' Requests for Admission | | No objection to responses regarding scalp protection, all objections reserved depending on attempted usage of individual interrogatories; Objection for Undue Prejudice, Relevance, Confusion, Waste of Time for all other responses, See Dkt. 262, Omnibus MIL, Section I |
| P- 122. * | Plaintiff Hervey's responses and/or amended responses to Defendants' Requests for Admission | | No objection to responses regarding scalp protection, all objections reserved depending on attempted usage of individual interrogatories; Objection for Undue Prejudice, Relevance, Confusion, Waste of Time for all other responses, See Dkt. 262, Omnibus MIL, Section I |
| P- 123. * | Plaintiff Sanon's responses and/or amended responses to Defendants' Request for Production | | No objection to responses regarding scalp protection, all objections reserved depending on attempted usage of individual interrogatories; Objection for Undue Prejudice, Relevance, Confusion, Waste of Time for all other responses, See Dkt. 262, Omnibus MIL, Section I |

| Plf. Ex. No. | Bates Range / Depo Ex. / ECF Dkt. No. | Description | Objection |
|---|---|---|---|
| P- 124. * | Plaintiff Turnipseed's responses and/or amended responses to Defendants' to Request for Production | | No objection to responses regarding scalp protection, all objections reserved depending on attempted usage of individual interrogatories; Objection for Undue Prejudice, Relevance, Confusion, Waste of Time for all other responses, See Dkt. 262, Omnibus MIL, Section I |
| P- 125. * | Plaintiff Hervey's responses and/or amended responses to Defendants' to Request for Production | | No objection to responses regarding scalp protection, all objections reserved depending on attempted usage of individual interrogatories; Objection for Undue Prejudice, Relevance, Confusion, Waste of Time for all other responses, See Dkt. 262, Omnibus MIL, Section I |
| P- 126. * | Plaintiffs' documents produced in response to Defendants' Request for Production of Documents | AMLA PLAINTIFFS 0001—0023 | No objection to responses regarding scalp protection, all objections reserved depending on attempted usage of individual interrogatories; Objection for Undue Prejudice, Relevance, Confusion, Waste of Time for all other responses, See Dkt. 262, Omnibus MIL, Section I |
| P- 127. * | Plaintiff Sanon's documents produced in response to Defendants' Request for Production of Documents | AMLA SANON 0001—0067 | No objection to responses regarding scalp protection, all objections reserved depending on attempted usage of individual interrogatories; Objection for Undue Prejudice, Relevance, Confusion, Waste of Time for all other responses, See Dkt. 262, Omnibus MIL, Section I |
| P- 128. * | Plaintiff Turnipseed's documents produced in response to Defendants' Request for Production of Documents | AMLA TURNIPSEED 0001—0043 | No objection to responses regarding scalp protection, all objections reserved depending on attempted usage of individual interrogatories; Objection for Undue Prejudice, Relevance, Confusion, Waste of Time for all other responses, See Dkt. 262, Omnibus MIL, Section I |

| Plf. Ex. No. | Bates Range / Depo Ex. / ECF Dkt. No. | Description | Objection |
|---|---|---|---|
| P- 129. * | Plaintiff Hervey's documents produced in response to Defendants' Request for Production of Documents | AMLA HERVEY 0001—0006 | No objection to responses regarding scalp protection, all objections reserved depending on attempted usage of individual interrogatories; Objection for Undue Prejudice, Relevance, Confusion, Waste of Time for all other responses, See Dkt. 262, Omnibus MIL, Section I |
| P- 130. | Expert Report of Patrick Obukowho dated 10/6/17 | | Daubert, See Dkt. 255; Relevance, Confusion, Waste of Time, See Omnibus MIL, Dkt. 262, Section I. |
| P- 131. | Certificate of Proficiency awarded to Patrick Obukowho | | Daubert, See Dkt. 255; Relevance, Confusion, Waste of Time, See Omnibus MIL, Dkt. 262, Section I. |
| P- 132. * | Documents produced by Patrick Obukowho in response to Defendants' Document Requests | | Daubert, See Dkt. 255; Relevance, Confusion, Waste of Time, See Omnibus MIL, Dkt. 262, Section I. |
| P- 133. | Expert Report of J. Michael Dennis dated 10/6/17 | | Daubert, See Dkt. 249; Relevance, Confusion, Waste of Time, See Omnibus MIL, Dkt. 262, Section I. |
| P- 134. * | Documents produced by J. Michael Dennis in response to Defendants' Document Requests | | Daubert, See Dkt. 249; Relevance, Confusion, Waste of Time, See Omnibus MIL, Dkt. 262, Section I. |
| P- 135. | Declaration and Supplemental Declaration of Colin B. Weir dated 3/5/18 and 11/14/18 | | Daubert, See Dkt. 258; Relevance, Multiple Hearsay, Foundation, Authentication, See Omnibus MIL, Dkt. 262, Sections I and III; Failure to Comply with Rule 26(a)(2) and this Court's Scheduling Orders |
| P- 136. * | Documents produced by Colin J. Weir in response to Defendants' Document Requests | | Daubert, See Dkt. 258; Relevance, Multiple Hearsay, Foundation, Authentication, See Omnibus MIL, Dkt. 262, Sections I and III; Failure to Comply with Rule 26(a)(2) and this Court's Scheduling Orders; specific objections are impossible and are all reserved |

| Plf. Ex. No. | Bates Range / Depo Ex. / ECF Dkt. No. | Description | Objection |
|---|---|---|---|
| **P- 137.** | Declaration of Patrick Obukowho, dated 3/5/18 | ECF Dkt. 180 | Daubert, See Dkt. 255; Relevance, Confusion, Waste of Time, See Omnibus MIL, Dkt. 262, Section I. |
| **P- 138.** * | Limited portions of the Expert Report of Larry Chiagouris | | Doctrine of Completeness |
| **P- 139.** * | Limited portions of the Expert Report of John Clark | | Doctrine of Completeness |
| **P- 140.** * | Limited portions of the Expert Report of Howard Silverstone and Jeffrey Willoughby | | Doctrine of Completeness; Relevance, Waste of Time |
| **P- 141.** * | Limited portions of the Expert Report of Mort Westman | | Doctrine of Completeness |
| **P- 142.** * | Expert Report of Mort Westman dated 3/12/09 submitted in *Caldwell, et al. v. Avon Products, Inc.*, Case No. 08-cv-2287-CMC (D.S.C.) | | Relevance, Confusion, Waste of Time, Failure to Comply with Rule 26(a)(2) and this Court's Scheduling Orders |
| **P- 143.** * | Limited portions of the Expert Report of Jonathan Hibbard | | Doctrine of Completeness |
| **P- 144.** * | Limited portions of the Expert Report of Winn Soldani | | Doctrine of Completeness |
| **P- 145.** * | U.S. Census Data re African Americans | Soldani Depo. Ex. 2 | No objection |
| **P- 146.** * | Winn Soldani's Engagement Agreement with Defendants | | Relevance, Waste of Time |
| **P- 147.** * | Plaintiffs Coleman and Oravillo IME Videos and Transcriptions | | Relevance, Unfair Prejudice, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section II |
| **P- 148.** * | Enlarged Product Packaging | | Objection, Best Evidence, Demonstratives are not evidence |

| Plf. Ex. No. | Bates Range / Depo Ex. / ECF Dkt. No. | Description | Objection |
|---|---|---|---|
| **P- 149.** * | Demonstrative Exhibit re Formula and Raw Material Numbers Tested or Cited | | Objection, Best Evidence, Demonstratives are not evidence |
| **P- 150.** * | Box of Beautiful Beginnings Relaxer Kit; and K-Mart Webpage Showing "Gentle Kiddie Relaxer" and receipt | Dkt. 208-8 | Relevance, Unfair Prejudice, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section 2; Not Disclosed During Discovery, Failure to Comply with Rule 26(a)(2) and this Court's Scheduling Orders |
| **P- 151.** * | Bottle of OptiCalm Product and receipt | | Relevance, Unfair Prejudice, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section 2; Not Disclosed During Discovery, Failure to Comply with Rule 26(a)(2) and this Court's Scheduling Orders |
| **P- 152.** * | Bottle of Restore Plus Relaxer and receipt | | Relevance, Unfair Prejudice, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section 2; Not Disclosed During Discovery, Failure to Comply with Rule 26(a)(2) and this Court's Scheduling Orders |
| **P- 153.** | Boxes of Amla Legend Rejuvenating Ritual No-Mix, No-Lye Relaxer and receipt | | Objection, Demonstratives are not evidence |
| **P- 154.** * | Hyrdrion Plastic pH Indicator Strips 0.0-14.0 and receipt | | Objection, Best Evidence, Demonstratives are not evidence |
| **P- 155.** * | Petroleum Jelly | | Objection, Demonstratives are not evidence |
| **P- 156.** * | Spatulas | | Objection, Demonstratives are not evidence |
| **P- 157.** * | Timer | | Objection, Demonstratives are not evidence |
| **P- 158.** * | Scale | | Objection, Demonstratives are not evidence |
| **P- 159.** | Gloves | | Objection, Demonstratives are not evidence |

| Plf. Ex. No. | Bates Range / Depo Ex. / ECF Dkt. No. | Description | Objection |
|---|---|---|---|
| P- 160. | Deposition Transcript & Video Deposition of Plaintiff Sanon and exhibits | | No objection to testimony regarding scalp protection; Relevance, Unfair Prejudice, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| P- 161. | Deposition Transcript & Video Deposition of Plaintiff Turnipseed and exhibits | | No objection to testimony regarding scalp protection; Relevance, Unfair Prejudice, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| P- 162. | Deposition Transcript & Video Deposition of Plaintiff Hervey and exhibits | | No objection to testimony regarding scalp protection; Relevance, Unfair Prejudice, Confusion, Waste of Time, See Dkt. 262, Omnibus MIL, Section I |
| P- 163. | Deposition Transcript & Video Deposition of Barbara Mitchell and exhibits | | No objection to use for impeachment purposes only; witness is expected to testify live and use of deposition for anything other than impeachment is improper |
| P- 164. | Deposition Transcript & Video Deposition of Erin DeVincenzo and exhibits | | No objection to use for impeachment purposes only; witness is expected to testify live and use of deposition for anything other than impeachment is improper |
| P- 165. | Deposition Transcript & Video Deposition of Benedicte de Villeneuve and exhibits | | No objection to use for impeachment purposes only; witness is expected to testify live and use of deposition for anything other than impeachment is improper |
| P- 166. | Deposition Transcript & Video Deposition of Angela Ellington and exhibits | | Undue Prejudice, Relevance, Waste of Time; specific objections set forth by page and line number above |
| P- 167. | Deposition Transcript & Video Deposition of Angela Rutherford and exhibits | | No objection to use for impeachment purposes only; witness is expected to testify live and use of deposition for anything other than impeachment is improper |

| Plf. Ex. No. | Bates Range / Depo Ex. / ECF Dkt. No. | Description | Objection |
|---|---|---|---|
| P- 168. | Deposition Transcript & Video Deposition of Expert Patrick Obukowho and exhibits | | No objection to use for impeachment purposes only; witness is within 100 miles of Courthouse and is expected to testify live |
| P- 169. | Deposition Transcript & Video Deposition of Expert Michael Dennis and exhibits | | No objection to use for impeachment purposes only; witness is expected to testify live |
| P- 170. | Deposition Transcript of Expert Colin Weir and exhibits | | No objection to use for impeachment purposes only; witness is expected to testify live |
| P- 171. | Limited portions of the Deposition Transcript and Videotaped Testimony of Mort Westman and exhibits | | No objection to use for impeachment purposes only; witness is expected to testify live; Doctrine of Completeness |
| P- 172. | Limited portions of the Deposition Transcript of Jonathan Hibbard and exhibits | | No objection to use for impeachment purposes only; witness is expected to testify live; Doctrine of Completeness |
| P- 173. | Limited portions of the Deposition Transcript of Larry Chiagouris and exhibits | | No objection to use for impeachment purposes only; witness is expected to testify live; Doctrine of Completeness |
| P- 174. | Limited portions of the Deposition Transcript of John Clark and exhibits | | No objection to use for impeachment purposes only; witness is expected to testify live; Doctrine of Completeness |
| P- 175. | Limited portions of the Deposition Transcript and Videotaped Testimony of Jeffrey Willoughby and exhibits | | Doctrine of Completeness |
| P- 176. | Limited portions of the Deposition Transcript of Winn Soldani and exhibits for impeachment purposes | | Doctrine of Completeness; Relevance, Confusion, Waste of Time |

<u>Defendants' Statement:</u>

Defendants intend to offer the following Exhibits in their case in chief:

| L'Oreal Ex. No. | Description | Bates No./Doc. No. | Objection |
|---|---|---|---|
| D-1. | Report: Determination of the Primary Irritating Propensities of Product: 42026 SS9 on Human Skin | L'OREAL 000840 - 000849 | Relevancy, Hearsay, Confusion, Prejudice, Hearsay |
| D-2. | Bovine Corneal Opacity & Permeability Study: Final Report | L'OREAL000815 - 000839 | Relevancy, Hearsay |
| D-3. | Repeated Insult Patch Test Study # DT043033 | L'OREAL000760 - 000814 | Relevancy, Hearsay, Confusion, Prejudice |
| D-4. | HRL Final Report of Hair Relaxer Kit #DT044845 | L'OREAL000747 - 000759 | Relevancy, Hearsay, Confusion, Prejudice |
| D-5. | Hen's Egg Test: Final Report 3/17/11 | L'OREAL000869 - 000900 | Relevancy, Hearsay, Confusion, Prejudice |
| D-6. | Optimum AMLA Oil Concept/ Product Test: Final Report | L'OREAL000387 - 000657 | Relevancy, Hearsay, Confusion, Prejudice |
| D-7. | Product Evaluation Research: Hair Consumer Flash | L'OREAL000031-000038 | Relevancy, Hearsay, Confusion, Prejudice |
| D-8. | AMLA Relaxer Blind Claim Test | L'OREAL000362 - 000386 | Irrelevant to show adequate testing, Confusion, Prejudice |
| D-9. | AMLA Early Trier Study: Final Report #C413CA17U | LOREAL-ESI-00005955; _00008, _00009, _00014, | Irrelevant to show adequate testing, Confusion, Prejudice |
| D-10. | Photographs of various chemical hair relaxers sold at retail | Dkt. 213-7 | Relevancy, Confusion, Prejudice |
| D-11. | Consumer Care Center Case Details | LOREAL-ESI-00002993 | Relevancy |
| D-12. | Consumer Care Center Case Details | L'OREAL000167— 000358 | Limited relevancy |
| D-13. | All L'Oreal USA Customer Care Center Case Details | L'OREAL001248— 001898 | Limited relevancy |
| D-14. | Oravillo Customer Care Center Case Details | Dkt.168-10 | Cumulative, Relevancy |
| D-15. | Batch Reports: AMLA Pre-Treatment Pkt | | Relevancy, Untimely disclosure and Prejudice under Rule 37 |
| D-16. | Optimum AMLA Scalp | L'OREAL 001227 | No objection |

| | Protector Formula | | |
|---|---|---|---|
| D-17. | ESKO Document 1643684 re Amla Instructions | LOREAL-ESI- 00010838-00010838_00001 | No objection |
| D-18. | Launch Packaging - Amla Relaxer | Dkt. 117-1 | No objection |
| D-19. | Revised Packaging – Amla Relaxer | Dkt. 117-2 | No objection |
| D-20. | Bilingual Packaging - Amla Relaxer | Dkt.117-3 | No objection |
| D-21. | Launch Instructions - Amla Relaxer | Dkt.117-4 | No objection |
| D-22. | Revised Instructions - Amla Relaxer | Dkt.117-5 | No objection |
| D-23. | Declaration of Jasmine Hervey in Support of Plaintiffs' Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel | Dkt.107-7 | No objection |
| D-24. | Expert Witness Report of Patrick Obukowho dated October, 6, 2017 and exhibit(s) | | Partial relevancy |
| D-25. | Photograph of pH Indicator Strip Allegedly Used In Patrick Obukowho's Scalp Protector Experiment | AMLA PLAINTIFFS 0001 | Objection as to the word "allegedly" |
| D-26. | Patrick Obukowho Lab Notes | AMLA PLAINTIFFS 0020 - 0023 | Limited relevancy |
| D-27. | Supplemental Expert Witness Report of Patrick Obukowho dated September 8, 2017 | Dkt. 130-1 | Limited relevancy |
| D-28. | Declaration and Expert Witness Report of Patrick Obukowho dated August 11, 2017 | | Limited relevancy |

| | | | |
|---|---|---|---|
| **D-29.** | Notice of Deposition of Patrick Obukowho | D-1 at Dep of Patrick Obukowho | Relevance, Seeks Legal Conclusions, Improper scope of cross-examination |
| **D-30.** | Excerpts of Transcript of Deposition of Patrick Obukowho taken in this matter on December 19, 2017 | | No objection to use for impeachment purposes only; witness is expected to testify live and use of deposition for anything other than impeachment is improper |
| **D-31.** | Declaration of Patrick Obukowho dated March 6, 2018 | Dkt. 180 | No objection |
| **D-32.** | Excerpts of the Corrected Transcript of the March 30, 2018 Daubert Hearing in this matter | Dkt. 213-1 | Relevancy |
| **D-33.** | Photographs of Luster's PCJ (Pressing Comb in the Jar No. 1), Luster's S Curl Texturizer, Designer Touch No-Lye Relaxer System, and Luster's Smooth Touch Extra Virgin Olive Oil No-Lye Relaxer System | Dkt. 213-6 | Relevancy, Misleading, Confusion |
| **D-34.** | Patent No.: US 9,420,862 B2 | Dkt. 221-6 | No objection |
| **D-35.** | Screenshot of Wikipedia Search of Patrick Obukowho | | Relevancy, Confusion, Prejudice |
| **D-36.** | Kelly, D. and Tobolsky, A., Anionic Copolymerization of Isoprene and Styrene (1958) | Dkt. 180-34 | No objection |
| **D-37.** | Patent EP 0084910 A2 – High dropping-point lithium-complex grease having improved anti-noise properties | Cited in report of Patrick Obukowho | No objection |
| **D-38.** | Patent EP 0084910 B1 - High dropping-point lithium-complex grease having improved anti-noise | Cited in report of Patrick Obukowho | No objection |

| | properties | | |
|---|---|---|---|
| **D-39.** | Obukowho, P. and Birman, M., Hair Curl Relaxers: a Discussion of their Function, Chemistry and Manufacture | Dkt. 213-9 | No objection |
| **D-40.** | Maintaining Ethnic Hair Care Leverage: an Interview with Patrick Obukowho | Dkt. 162-9 | No objection |
| **D-41.** | Obukowho, P., Designing Emulsions For Relaxer Actives | | No objection |
| **D-42.** | Excerpts from Obukowho, P., Hair Relaxers: Science, Design (2012) | Dkt. 134-1; 162-6; 197-2; 221-3; | Partial relevancy |
| **D-43.** | Excerpts from the Transcript of the April 25, 2006 *Daubert* Hearing held in the matter captioned as Sturdivant v. Dillard's, Inc., 5:05-cv-305 in the District of Alabama, Western Division. | Dkt. 213-2; 221-4 | Relevance |
| **D-44.** | Photographs of Advantage Research Lab – 53 Main Street, Unit 5, Woodbridge, New Jersey dated March 5, 2018 | | Relevance, Confusion, Prejudicial |
| **D-45.** | Expert Report of Michael Dennis, CV and exhibits | | No objection to use for impeachment purposes only; witness is expected to testify live and use of deposition for anything other than impeachment is improper |
| **D-46.** | Expert Report and Supplemental Expert Report of Jerry Shapiro and CV and exhibits | | Relevancy |
| **D-47.** | Expert Report of Colin Weir and CV and exhibits | | No Objection |
| **D-48.** | Supplemental Expert Report of Colin Weir and CV and | | No Objection |

| | exhibits | | |
|---|---|---|---|
| **D-49.** | Expert Report of Winn Soldani, CV, all exhibits, materials reviewed, and supporting documentation | | Relevancy, Confusion, Misleading, Speculation, Waste of Time, fails under Daubert |
| **D-50.** | Expert Report of Larry Chiagouris, CV, all exhibits, materials reviewed, and supporting documentation | | Relevancy, Cumulative, Fails under Daubert |
| **D-51.** | Expert Report of Jonathan Hibbard , CV, all exhibits, materials reviewed, and supporting documentation | | Only relevant to the materiality of scalp protector; confusion, fails under Daubert. |
| **D-52.** | Expert Report of Mort Westman, CV, all exhibits, materials reviewed, and supporting documentation | | Relevancy, Confusion, Misleading, fails under Daubert |
| **D-53.** | Expert Report of John Clark, M.D., CV, all exhibits, materials reviewed, and supporting documentation | | Relevancy, Confusion, Misleading, fails under Daubert |
| **D-54.** | Deposition transcript of Plaintiff and Class Representative Sanon with exhibits and video | | No objection to use for impeachment purposes only; witness is expected to testify live and use of deposition for anything other than impeachment is improper |
| **D-55.** | Deposition transcript of Plaintiff and Class Representative Turnipseed with exhibits and video | | No objection to use for impeachment purposes only; witness is expected to testify live and use of deposition for anything other than impeachment is improper |
| **D-56.** | Deposition transcript of Plaintiff and Class Representative Hervey with exhibits and video | | No objection to use for impeachment purposes only; witness is expected to testify live and use of deposition for anything other than impeachment is improper |
| **D-57.** | Deposition transcript of Michael Dennis with exhibits and video | | No objection to use for impeachment purposes only; witness is expected to testify live and use of deposition for anything other than impeachment is improper |
| **D-58.** | Deposition transcript of Colin Weir with  exhibits | | No objection to use for impeachment purposes only; |

| | and video | | witness is expected to testify live and use of deposition for anything other than impeachment is improper |
|---|---|---|---|
| **D-59.** | Deposition transcript of Angela Ellington with exhibits and video | | No objection to use for impeachment purposes only; witness is expected to testify live and use of deposition for anything other than impeachment is improper |
| **D-60.** | Deposition transcript of Benedicte de Villeneuve with exhibits and video | | No objection to use for impeachment purposes only; witness is expected to testify live and use of deposition for anything other than impeachment is improper |
| **D-61.** | Video and photographs of reproduction of Patrick Obukowho pH indicator strip experiment | | Relevancy, Demonstrative not evidence, Confusion, Untimely disclosure, Misleading, Exclusion under Rule 37 |
| **D-62.** | L'Oreal's answers and/or amended answers to Plaintiffs' Interrogatories | | Relevancy |
| **D-63.** | L'Oreal's answers and/or amended responses to Plaintiffs' Requests for Admissions | | Relevancy |
| **D-64.** | L'Oreal's responses and/or amended responses to Plaintiffs' Requests for Production | | Relevancy |
| **D-65.** | Plaintiff Turnipseed's answers and/or amended responses to L'Oreal's Interrogatories | | Relevancy |
| **D-66.** | Plaintiff Turipseed's responses and/or amended responses to L'Oreal's Requests for Production | | Relevancy |
| **D-67.** | Plaintiff Turnipseed's answers and/or amended responses to L'Oreal's Requests for Admissions | | Relevancy |
| **D-68.** | Plaintiff Sanon's answers and/or amended responses to L'Oreal's Interrogatories | | Relevancy |

| | | | |
|---|---|---|---|
| **D-69.** | Plaintiff Sanon's responses and/or amended responses to L'Oreal's Requests for Production | | Relevancy |
| **D-70.** | Plaintiff Sanon's answers and/or amended responses to L'Oreal's Requests for Admissions | | Relevancy |
| **D-71.** | Plaintiff Hervey's answers and/or amended responses to L'Oreal's Interrogatories | | Relevancy |
| **D-72.** | Plaintiff Hervey's responses and/or amended responses to L'Oreal's Requests for Production | | Relevancy |
| **D-73.** | Plaintiff Hervey's answers and/or amended responses to L'Oreal's Requests for Admissions | | Relevancy |
| **D-74.** | Tube of Hydrion pH Indicator Strips 0.0-14.0 (#9800) | | Unfair, prejudicial, not proper demonstrative |
| **D-75.** | Spatula | | Unfair, prejudicial, not proper demonstrative |
| **D-76.** | Digital Scale | | Unfair, prejudicial, not proper demonstrative |
| **D-77.** | Scientific Digital Timers | | Unfair, prejudicial, not proper demonstrative |
| **D-78.** | Plastic Weigh Boats | | Unfair, prejudicial, not proper demonstrative |
| **D-79.** | Latex Gloves | | Unfair, prejudicial, not proper demonstrative |
| **D-80.** | Petroleum Jelly | | Unfair, prejudicial, not proper demonstrative |
| **D-81.** | Exemplar Boxes of SoftSheen-Carson Optimum Amla No-Mix, No-Lye Hair Relaxer Kit | | Authenticity, Chain of Custody, Best Evidence, not proper demonstrative |

| D-82. | L'Oreal Consumer Care Center record of consumer contacts regarding the Relaxer | Dkt. 118-1 | Limited Relevancy |
|---|---|---|---|
| D-83. | L'Oreal Consumer Care Center case detail | Dkt. 118-2 | Limited Relevancy |
| D-84. | L'Oreal Consumer Care Center case detail –positive review of the Relaxer | Dkt. 118-3 | Relevancy, Misleading, Confusion |
| D-85. | L'Oreal Consumer Care Center case detail –positive review of the Relaxer | Dkt. 118-4 | Relevancy, Misleading, Confusion |
| D-86. | L'Oreal Consumer Care Center case detail –positive review of the Relaxer | Dkt. 118-5 | Relevancy, Misleading, Confusion |
| D-87. | L'Oreal Consumer Care Center case detail –positive review of the Relaxer | Dkt. 118-6 | Relevancy, Misleading Confusion |

**(viii)   FINAL ESTIMATE OF THE LENGTH OF TRIAL:**

The parties estimate ten trial days.

Dated:   January 18, 2019

Respectfully submitted,

**LEVI & KORSINSKY, LLP**
*Co-Lead Class Counsel*


By:   */s/Rosemary M. Rivas*
Rosemary M. Rivas (pro hac vice)
rrivas@zlk.com
44 Montgomery Street, Suite 650
San Francisco, CA 94104
Telephone: (415) 373-1671
Facsimile: (415) 484-1294


Andrea Clisura (AC1313)
aclisura@zlk.com

**GORDON REES SCULLY MANSUKHANI LLP**
*Counsel for L'Oreal USA, Inc. and
SoftSheen Carson, LLC*


By:   */s/Peter G. Siachos*
M.D. Scully (pro hac vice)
mscully@grsm.com
Peter G. Siachos
psiachos@grsm.com
1 Battery Park Plaza, 28th Floor
New York, NY 10004
(973) 549-2532

**LEVI & KORSINSKY, LLP**
55 Broadway, 10th Floor
New York, NY 10006
Telephone: (212) 363-7500
Facsimile: (212) 636-7171

Lori G. Feldman (LF3478)
lori@geragos.com
**GERAGOS & GERAGOS APC**
7 West 24th Street
New York, NY 10010
Telephone: (917) 388-3121

Mark J. Geragos (*pro hac vice*)
geragos@geragos.com
Ben J. Meiselas (*pro hac vice*)
meiselas@geragos.com
**GERAGOS & GERAGOS APC**
Historic Engine Co. No. 28
644 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 625-3900
Facsimile: (213) 232-3255